## In re SHANEQUA H. et al.

[Cite as In re Shanequa H. (1996), 109 Ohio App.3d 142.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–137.

Decided Feb. 2, 1996.

*Sue G. Porz,* for appellant.

*Brian A. Newberg,* for appellee.

SHERCK, Judge.

This is an appeal from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division, which terminated a mother's parental rights and granted permanent custody of her two children to a county children services agency. Because we conclude that the trial court's determination that the children could not be placed with either of their parents within a reasonable time or should not be placed with their parents is supported by the evidence, we affirm.

Appellant is the natural mother of five-year-old Shanequa H. and her two-year-old brother Sidney H.[1] Appellee is the Lucas County Children Services Board.

In April 1993, appellant left Shanequa in the care of another person for a period of more than a month; she provided no care or support for her during that time. Between April and September 1993, appellee provided day care for the children and attempted to get appellant to enroll in substance abuse treatment. When appellant failed to avail herself of such treatment, appellee sought temporary custody of the children, alleging that they were neglected and dependent. In the fall of 1993, Shanequa and Sidney were removed from appellant's care. Following a hearing, the children were found to be dependent and neglected. The court then granted appellee temporary custody of the children.

---

1. The children's natural father was also a party in the juvenile court proceeding, but failed to perfect an appeal.

During the months that followed, appellee failed in its attempts to help appellant overcome her dependency on crack cocaine. Appellant developed a pattern of enrolling in one substance abuse treatment program or another, attending a few sessions, then discontinuing attendance. According to her social worker, appellant reported a binge of crack use after each of these attempts. Appellant also failed to participate in a drug screening program and reported to her social worker that she continued to use crack cocaine. During this time, appellant also moved several times and her visits with the children were sporadic.

On October 28, 1994, more than a year after its initial contact with the family, appellee moved for permanent custody. At the dispositional hearing, the court denied appellant's motion for a continuance and took testimony on appellant's history of drug abuse, her lack of stable housing, and her neglect of the children. Appellant herself testified that she had been using crack cocaine since she was sixteen and, despite her numerous failed attempts at rehabilitation, continued to use crack as recently as a few weeks prior to the termination hearing.

Following the termination hearing, the trial court determined that (1) pursuant to R.C. 2151.414(E)(1), appellant had continuously and repeatedly for a period of six months or more failed to substantially remedy the conditions which caused the children to be placed outside the home despite appellee's reasonable efforts to reunite the family; (2) pursuant to R.C. 2151.414(E)(2), appellant has a severe and chronic chemical dependency which prevents her from providing an adequate, permanent home for the children; and (3) pursuant to R.C. 2151.414(E)(4), appellant demonstrated a lack of commitment to the children by failing to visit and communicate with them on a regular basis.

The court then concluded that the children could not be placed with either of their parents within a reasonable time or should not be placed with their parents. The court further concluded that it was in the children's best interests that permanent custody be granted to appellee. As a result of these determinations, the court ordered that appellant's parental rights be terminated and granted permanent custody of the children to appellee. From this judgment, appellant brings this appeal setting forth the following two assignments of error:

"I. The lower court failed to show by clear and convincing evidence that the [H.] children were without adequate parental care.

"II. The appellant's motion for continuance of the trial date should have been granted."

I

Concerning appellant's first assignment of error, it is appellee, not the "lower court," which has the burden of establishing those statutory antecedents

necessary for the termination of parental rights and the award of permanent custody to a children services agency. The statutory standard for granting permanent custody to a children services agency is governed by R.C. Chapter 2151. As we stated in *In re McCormick* (Aug. 28, 1992), Erie App. No. E–91–79, unreported, at 13–15, 1992 WL 206953:

"R.C. 2151.353(A)(4) provides that once a child is adjudicated abused, neglected or dependent the court may commit the child to the permanent custody of a public children's services agency if:

"1.  Pursuant to R.C. 2151.414(E), the court determines that the child ' * * * cannot be placed with one of his parents within a reasonable time or should not be placed with either parent * * *,' and

"2.  Pursuant to R.C. 2151.414(D) determines that ' * * * permanent commitment is in the best interest of the child.'

"R.C. 2151.414(E) directs a court that is considering whether a child's reunification with the child's parent is possible to hold a hearing on the issue and consider all relevant evidence there presented. If at such a hearing:

" ' * * * the court determines, by clear and convincing evidence * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents:

" '(1) Following the placement of the child outside his home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly for a period of six months or more to substantially remedy the conditions causing the child to be placed outside his home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

" '(2) The severe and chronic mental illness, severe and chronic emotional illness, * * * [or chemical dependency] of the parent makes the parent unable to provide an adequate permanent home for the child at the present time and in the foreseeable future;

" * * *

" '(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do

so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

" ' * * *'

"Once the court has properly determined that one of these eight conditions exist, it is mandated to enter a finding that the child 'cannot be placed with either of his parents within a reasonable time and should not be placed with his parents.' When such a finding is made, R.C. 2151.353(A)(4) directs the court to consider the factors enumerated in R.C. 2151.414(D) to determine whether ' * * * permanent commitment is in the best interest of the child.' If the court properly finds that both R.C. 2151.414(D) and (E) have been satisfied, then it may grant permanent custody of the child to a public children services agency." See, also, *In re S. Children* (Sept. 4, 1994), Erie App. No. E–93–58, unreported, 1994 WL 481418.

In the present matter, the trial court determined that sufficient evidence was presented to satisfy R.C. 2151.414(E)(1), (2) and (4). As discussed above, proof of any of these statutory subsections mandates a determination that the children cannot or should not be placed with their parents.

■ The evidence with respect to R.C. 2151.414(E)(1) is uncontested. The children were removed from appellant's home because appellant's dependency on crack cocaine rendered her incapable of properly caring for the children or providing them with a decent home environment. One and one-half years later, appellant, in her own testimony, conceded that she was still using crack cocaine and was still in need of counseling for her chemical dependency. It is also uncontested that on more than half a dozen occasions appellant failed to avail herself of the counseling services that appellee had arranged.

Therefore, notwithstanding appellee's reasonable and diligent efforts, appellant was unable to substantially remedy the problem which initially caused the children to be placed outside the home. The requirements of R.C. 2151.414(E)(1) have been satisfied. As a result, we need not examine the court's determination as to R.C. 2151.414(E)(2) and (4). Appellant's first assignment of error is found not well taken.

## II

In her second assignment of error, appellant complains that the trial court erred by refusing to grant her motion for a continuance of the dispositional hearing. This motion, however, was made orally on the morning that the dispositional hearing was scheduled to begin. It was made for the purpose of allowing appellant time to get into a drug treatment program. The trial court was well within its discretion in denying this motion. See *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 43, 423 N.E.2d 1078, 1080. The motion was

untimely and there was no showing that appellant was any more likely to be successful in any future treatment than she had been in the past. Accordingly, appellant's second assignment of error is found not well taken.

*Judgment affirmed.*

HANDWORK and ABOOD, JJ., concur.