OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court Court of Common Pleas, Juvenile Division, terminating parental rights to six children and granting permanent custody of them to a county children's services board. Although we concur with appellant's assertion that there was insufficient evidence to justify an R.C. 2151.414(E)(1) finding, we conclude that the court's alternative findings were properly supported and affirm the court's judgment.
Appellants in this matter are Scott R. and Arletha B., parents of Scott O., Fontez R., Xavier R., Dion R., Dontrice R., and Shanton R. These children's present ages range from two to eight years old. Appellee is the Lucas County Children Services Board.
Appellee first became involved with appellant Arletha B. in 1988 when allegations of neglect and lack of supervision stemming from substance abuse and domestic violence resulted in the removal of four older children from her care and the award of their legal custody to a relative.[1]
Appellee again intervened in September 1996, on allegations of domestic violence and inadequate housing. The agency closed the case after helping the family procure a four bedroom apartment.
In November 1997, police referred the family to appellee when officers discovered that appellant Arletha B. had entrusted the children to the care of a ten year old relative for more than nine hours. Police reported that they found appellant Arletha B. in a bar at one a.m. and encountered some resistance from her when they attempted to persuade her to return home to care for her children. As a result of this incident, the children were found neglected and dependent, and protective supervision was awarded to appellee.
The next year saw multiple instances of domestic violence between appellants, one of which resulted in their eviction from their apartment. Additionally, neither appellant availed themselves of the services offered by appellee and, according to their caseworker, they routinely denied the caseworker access to the home. The caseworker reported that on more than one occasion she felt threatened by appellant Scott R.
In September 1998, appellee's caseworker found the now eight member family living in a two bedroom apartment without a stove or refrigerator and without gas. Appellants were being threatened with eviction from this apartment for failure to pay $250 rent, notwithstanding the family's receipt of approximately $1600 monthly aid. Appellants rejected appellee's attempt to aid them in acquiring more suitable housing, refused counseling on budgeting issues, refused to participate in domestic violence counseling, and refused substance abuse treatment. Appellee also learned that appellant Scott R. was a diagnosed paranoid schizophrenic who, despite medical instructions to avoid alcohol, consumed as much as a pint of vodka a day.
On September 11, 1998, appellee obtained an ex parte
order granting it custody of the children. The following day appellee filed a complaint, alleging that the six children were dependent and neglected. Appellee sought permanent custody. The trial court granted a shelter care order on the same day and set an adjudicatory hearing on the complaint for November 16, 1998. At that hearing, the children were found dependent and neglected. Following a subsequent dispositional hearing, the court found, pursuant to R.C. 2151.414(E)(1), that following placement of the children outside the home the parents had substantially failed to remedy the conditions causing the children to be placed outside the home; pursuant to R.C. 2151.414(E)(2), appellant Scott R.'s chronic mental illness and chemical dependency precludes his ability to provide a permanent home for the children; and, pursuant to 2151.414(E)(9), both parents are unwilling to provide food, clothing, shelter and other basic necessities for the children. On these findings, the court concluded that the children could not and should not be placed with either parent within a reasonable period of time. The court terminated appellants' parental rights and granted permanent custody of the children to appellee.
From this judgment, appellants now appeal, raising the following three assignments of error:
 "I. THE TRIAL COURT'S FINDING THAT, PURSUANT TO ORC 2151.414(E)(1) FOLLOWING THE REMOVAL OF THE MINOR CHILDREN FROM THE HOME AND DESPITE DILIGENT EFFORTS BY THE AGENCY, THE APPELLANTS HAD FAILED TO REMEDY THE CONDITIONS THAT LED TO THE REMOVAL OF THE MINOR CHILDREN, WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 "II. THE TRIAL COURT'S FINDING THAT THE APPELLANT, SCOTT ROBINSON, PURSUANT TO ORC 2151.414(E)(2) SUFFERED A SEVERE AND CHRONIC MENTAL ILLNESS THAT MAKES HIM UNABLE TO PROVIDE AN ADEQUATE PERMENANT [SIC] HOME FOR HIS CHILDREN AT THE PRESENT TIME AND WITHIN THE FORESEEABLE FUTURE, WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 "III. THE TRIAL COURT'S FINDINGS THAT THE APPELLANTS PURSUANT TO ORC 2151.414(E)(9) WERE UNWILLING TO PROVIDE BASIC NECESSITIES OR WERE UNWILLING TO PREVENT THEIR CHILDREN FROM SUFFERING PHYSICAL, EMOTIONAL OR SEXUAL ABUSE OR PHYSICAL, EMOTIONAL OR MENTAL NEGLECT WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
R.C. 2151.353(A)(4) provides that once a child is adjudicated abused, neglected or dependent the court may commit the child to permanent custody of a public children's services agency if;
1. Pursuant to R.C. 2151.414(E), the court determines that the child, "* * * cannot be placed with one of his parents within a reasonable time or should not be placed with either parent * * *," and
2. Pursuant to R.C. 2151.414(D), determines that "* * * permanent commitment is in the best interest of the child."
R.C. 2151.414(E) directs a court that is considering whether a child's reunification with the child's parent is possible to hold a hearing on the issue and consider all relevant evidence there presented. If at such a hearing,
 "* * * the court determines, by clear and convincing evidence * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents:
 "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant * * *,
"* * *
 "(9) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect."[2] See In Re William S. (1996), 75 Ohio St.3d 95, syllabus; In Re Shanequa H.
(1996), 109 Ohio App.3d 142, 145.
The clear and convincing evidence necessary to support all findings in a termination of parental rights case is, "* * * evidence by which the trial court could have formed a firm belief * * *" in the fact or element found. In Re Forest S. (1995),102 Ohio App.3d 338, 345; Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
In the present matter, appellants assert that each of the trial court's three predicate findings under R.C. 2151.414(E) is unsupported by sufficient evidence. Since the statute which mandates a determination that a child cannot or should not be placed with his parents within a reasonable time requires only one of the R.C. 2151.414(E) findings, appellant Scott R. must prevail on all three assignments of error to warrant a reversal; appellant Arletha B. must prevail on the first and third assignments of error.
 I.
In their first assignment of error, appellants insist that the evidence submitted at trial was insufficient to support an R.C. 2151.414(E)(1) finding. They point out that during the two months between the time the children were taken and the permanent custody hearing, there were no new instances of domestic violence, no evidence of substance abuse, no eviction, and no evidence that the children's needs were not met. In short, appellants insist that there was nothing to justify a request for permanent custody.
To satisfy the requirements of R.C. 2151.414(E)(1);
1. The child must be placed outside the home;
2. After which, the public agency must, through reasonable case planning and diligent efforts, attempt to help the parents remedy the causes of the child's removal from the home;
3. Even with such planning and effort, the parent must fail continuously and repeatedly to remedy the condition which caused the child's removal;
4. The burden is on the public agency to prove all of these elements by clear and convincing evidence.
Appellee mischaracterizes appellants' argument as being that R.C. 2151.414(E)(1) is inapplicable to a case in which permanent custody is sought at the initial dispositional hearing. This issue, according to appellee, was resolved in its favor inIn Re Shawn W. (Sept. 30, 1996), Lucas App. No. L-97-267, unreported.
In Re Shawn W., however, is inapposite here as the child there was removed from the home in December 1994, and the adjudicatory and dispositional phases of the case was not heard until August 8, 1995. Here, the record reflects that appellee did not have actual custody of these children until September 11, 1998, the same day the permanent custody complaint was filed and only slightly more than two months prior to the adjudicatory and dispositional hearings in this matter. At that hearing, there was no evidence presented of any agency efforts to remedy the problems complained of after the children's removal from the home.[3]
Absent any evidence of agency efforts to reunificationafter the children's removal from the home, an R.C.2151.414(E)(1) predicate finding cannot be sustained. Accordingly, appellants' first assignment of error is well-taken.
 II.
Notwithstanding our decision on appellants' first assignment of error, to warrant a reversal of the trial court's judgment, appellant Scott R. must prevail on the remaining two assignments of error and appellant Arletha B. must prevail on her third assignment of error. That is problematic. The evidence is uncontroverted that appellant Scott R. is a violent paranoid schizophrenic. A 1996 psychiatric report stated that if Scott R. regularly took his medication and refrained from using alcohol, it was "possible" that he would abstain from violence. This, coupled with appellant Arletha B.'s reports that Scott R. consumes substantial amounts of alcohol on a daily basis and police reports of repeated domestic violence initiated by him clearly support the predicate finding under R.C. 2151.414(E)(2) with reference to Scott R. Accordingly, appellants' second assignment of error is not well-taken.
With respect to appellants' third assignment of error, the repeated evictions, subsisting in a two bedroom apartment without gas or appliances, the inability to meet a $250 rent payment on $1600 monthly income, the refusal to accept assistance in finding adequate housing, rejection of budget counseling and a total lack of cooperation with caseworkers and service providers supports an R.C. 2151.414(E)(9) finding that appellants are unwilling to provide necessities for the children or prevent the children from suffering neglect. Accordingly, appellants' third assignment of error is not well-taken.
Upon consideration, with the exception of the court's erroneous R.C. 2151.414(E)(1) finding, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Peter M. Handwork, P.J. _______________________________ JUDGE
 Melvin L. Resnick, J. _______________________________ JUDGE
 James R. Sherck, J. _______________________________ JUDGE
CONCUR.
[1] These four children are half siblings of those who are the subject of these proceedings. The father of the first four was appellant Arletha B.'s husband, Samuel B., who is now imprisoned. The two remain married, but it is uncontested that the biological father of these children is appellant Scott R.
[2] R.C. 2151.414(E)(9) was renumbered (E)(14) effective 3-18-99 by 1998 Am.Sub.H.B. 484.
[3] We note that prior to R.C. 2151.414's amendment by 1996 Am.Sub.H.B. 419, section (E)(1) required a six month effort to remedy the conditions which caused a child to be placed outside the home. Even had there been evidence of a remedy attempt here, there would be a question as to whether two months equated to a "diligent" effort.