JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant, Willa Allen, appeals a decision of the Hamilton County Juvenile Court granting permanent custody of her children to appellee, Hamilton County Department of Human Services (HCDHS). In her sole assignment of error, she states that the juvenile court's finding that the children could not be reunified with her in a reasonable amount of time was contrary to the manifest weight of the evidence. She argues that HCDHS failed to present evidence that she could not substantially comply with the requirements of a reunification plan within a reasonable time.
This assignment of error is not well taken.
R.C. 2151.41.4(B) provides that a court may grant a motion for permanent custody if it determines, by clear and convincing evidence, that (1) the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent, and (2) permanent custody is in the child's best interest. In re Shanequa H (1996), 109 Ohio App.3d 142, 145,671 N.E.2d 1113, 1115; In re Awkal (1994), 95 Ohio App.3d 309,315, 642 N.E.2d 424, 428. Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In reAdoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, 620.
Appellant failed over a period of several years to remedy the conditions that caused the placement of the children outside her home. See R.C. 2151.41.4(E). None of the children's fathers were involved in their lives, and appellant's alcoholism and unstable lifestyle caused the children to be abused and neglected. They have spent the majority of their lives living with relatives or in foster care due to appellant's inability to properly care for them. HCDHS had been involved with appellant and her family for eight years before the hearing on the motion for permanent custody. During that time, appellant routinely failed to comply with case-plan requirements, including attending alcohol counseling, providing random urine screens and maintaining stable housing, until shortly before the hearing. She had also regularly failed to attend visitations sessions with the children, causing them great distress.
Appellant's main argument is that, in the months before the hearing, she had finally complied with some elements of the case plan and had sought treatment for her alcoholism. However, much of appellant's claim that she had achieved sobriety is based only upon her own testimony. Further, shortly before the hearing, she was convicted of criminal charges relating to a violent offense that involved the use of alcohol. The juvenile court properly viewed this "eleventh hour breakthrough" with skepticism given appellant's history and concluded that her efforts came too little, too late. See In the Matter of Winki
(June 26, 1997), Hocking App. No. 97CA02, unreported; In reSwisher (Apr. 23, 1997), Summit App. No. 17952, unreported.
Accordingly, we hold that the juvenile court's finding that the children could not or should not be placed with appellant within a reasonable time was supported by clear and convincing evidence.
Further, the evidence showed that the children had numerous psychological and behavioral problems due to appellant's abuse and neglect. They have all made significant progress in foster care and have reaped the benefits of a secure and nurturing environment. Though they are generally happy to see appellant during visitations, they seem to suffer setbacks upon having contact with her. The foster parents have expressed an interest in adopting the children or at least in providing them with a stable home until they reach age eighteen. Consequently, we hold that the juvenile court's finding that granting permanent custody to HCDHS was in the children's best interest was also supported by clear and convicting evidence. Therefore we will not reverse the court's decision granting permanent custody to HCDHS. See In reHeston (1998), 129 Ohio App.3d 825, 828, 719 N.E.2d 93, 95; In theMatter of Taylor (June 11, 1999), Ashtabula App. No. 97-A-0046, unreported.
Appellant also argues that the trial court improperly allowed Katherine Manning, the children's guardian ad litem, to testify under oath as to her recommendations. She relies upon R.C. 2151.41.4(C), which provides that "[a] written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing * * * but shall not be submitted under oath." We find no merit in this argument. First, the record shows that Manning was not the children's guardian adlitem, but a court-appointed special advocate. The court had appointed another individual as guardian ad litem. Second, even if Manning's testimony was improper, appellant never objected or brought the issue to the trial court's attention. Consequently, she waived any error. See In the Matter of Hauserman (Feb. 3, 2000), Cuyahoga App. No. 75831, unreported; In the Matter of King
(Aug. 11, 1999), Adams App. No. 99CA671, unreported; In re Keltner
(Aug. 10, 1998), Butler App. No. CA97-10-188, unreported.
Accordingly, we overrule appellant's assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.