REYNOLDS ET AL., APPELLEES, *v.* GOLL, APPELLANT.

[Cite as *Reynolds v. Goll* (1996), 75 Ohio St.3d 121.]

(No. 94–1464—Submitted December 5, 1995—Decided March 4, 1996.)

123

*Douglas M. Brill,* for appellees.

*Thomas H. Sanborn,* for appellant.

---

FRANCIS E. SWEENEY, SR., J. Appellant, the biological father of Diana Goll, challenges the trial court's award of custody of his daughter to Paul and Virginia Reynolds. For the reasons that follow, we find that the trial court was warranted in its grant of custody of the minor to the Reynoldses. Consequently, we affirm the court of appeals.

At the outset, we note that this case is limited to a child custody dispute initiated in juvenile court pursuant to R.C. 2151.23 between biological parents and nonbiological "parents." In such a proceeding, we have long recognized that "the welfare of the minor is first to be considered." *Clark v. Bayer* (1877), 32 Ohio St. 299, 310. We have further stated that parents who are deemed suitable are considered to have the "paramount" right to custody of their minor children. *In re Perales* (1977), 52 Ohio St.2d 89, 97, 6 O.O.3d 293, 297, 369 N.E.2d 1047, 1051–1052. However, in balancing the interests of both the parent and child, the right of custody by the biological parents is not absolute and can be forfeited. Thus, "parents may be denied custody only if the preponderance of the evidence indicates abandonment, contractual relinquishment of custody, total inability to provide care or support, or that the parent is otherwise unsuitable—that is, an award of custody would be detrimental to the child." *Id.* at 98, 6 O.O.3d at 297,

369 N.E.2d at 1052. The trial court here determined that appellant, through lack of interest, abandoned his daughter and was unsuitable. It then held that it is in the minor's best interests that she remain with appellees rather than be turned over to her father. The court of appeals upheld the trial court's decision.

Appellant argues that the placement of his daughter with appellees during a time of need does not constitute abandonment and should not render him an unsuitable parent. Whether a parent relinquishes rights to custody is a factual determination to be made by the trier of fact and should not be disturbed if supported by some reliable, credible evidence. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 66, 22 OBR 81, 83, 488 N.E.2d 857, 860.

In this case, the trial court's finding of abandonment and unsuitability was supported by competent evidence. The trial court heard extensive testimony over the course of a two-day trial. Both sides presented several witnesses on their behalf. While we recognize that appellant was initially placed in a very difficult position of trying to cope with the illness and ultimate death of his wife, we nonetheless believe that there was evidence to support the trial court's determination that appellant, through his course of conduct, abandoned his daughter. In reaching this decision, we are mindful of the fact that the trial court, after carefully listening to the testimony of the parties and witnesses, is in the best position to judge their credibility and to determine whether a parent has abandoned his or her child. Thus, we adhere to the established rule that "[i]n proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important." *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E.2d 772, 774. As we stated in *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, 849:

"The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E.2d 772, 774. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276."

Not only was there evidence to support the finding of abandonment and unsuitability of appellant, but there was also evidence to support the trial court's decision that it is in the best interests of Diana, age eleven, to remain with appellees. The guardian *ad litem,* court investigator, and the psychologist, all of whom testified in this case, agreed that appellees, who have cared for Diana since

she was one week old, should be granted custody. They also acknowledged that appellant should be granted liberal visitation. In determining the best interests of the minor, under R.C. 3109.04(C) as it was in effect at the time, the trial court acted within its discretion by awarding custody to appellees.

Accordingly, the judgment of the court of appeals is affirmed and the cause is remanded to the trial court for further proceedings to determine a visitation schedule.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, RESNICK, PFEIFER and CHRISTLEY, JJ., concur.

DOUGLAS, J., not participating.

JUDITH A. CHRISTLEY, J., of the Eleventh Appellate District, sitting for COOK, J.