OPINION
On November 15, 1994, appellee, Marietta Sue McGlothin, sought custody of her two-year-old granddaughter, Linda Smith, by filing a complaint in Butler County Juvenile Court. The complaint alleged that the child's parents, Roger and Rhonda Smith ("the Smiths"), were unable to provide adequate care for Linda and that an award of custody to appellee was in Linda's best interest.
On March 10, 1995, the Smiths contractually relinquished legal custody[1] of Linda to appellee in an agreed judgment entry which provided, in pertinent part, as follows:
 The maternal grandmother, Marietta Sue McGlothin, shall be designated the custodian of the minor child, Linda M. Smith. * * * The court finds that this designation is in the best interest of the child.
 It is agreed and understood that this change is being made so that Rhonda Smith can make improvements in her life, which will benefit both her, her husband and the child in the future. Accordingly, it is agreed and understood that when Rhonda Smith has completed her high school and post-high school education towards a selfsustaining career, and has obtained that selfsustaining occupation, and continues to have a sound home environment for the child, grandmother Marietta Sue McGlothin shall cooperate in returning the child to her natural parents.
In May 1995, the Smiths filed a motion to have custody of Linda returned to them in accordance with the terms of the March 10, 1995 agreed judgment entry. A hearing on the motion was held before a magistrate on January 19, 1996. The magistrate subsequently denied the Smiths' motion for custody of Linda in an order dated June 7, 1996. The magistrate specifically found that Rhonda Smith had earned a GED, but that she had not obtained self-sustaining employment. The magistrate also found that both Roger and Rhonda Smith were unable to adequately care for Linda at that time because of their chronic financial irresponsibility and that an award of custody to the Smiths was not in Linda's best interest. The juvenile court adopted the magistrate's findings of fact and conclusions of law in an entry dated June 10, 1996. The Smiths now appeal setting forth the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT REFUSED TO RETURN CUSTODY OF LINDA TO HER PARENTS.
A juvenile court may award custody of a child to a nonparent where the child's parents have contractually relinquished custody and where an award of custody to the nonparent would be in the child's best interest. Reynolds v. Goll (1996), 75 Ohio St.3d 121,123; In re Perales (1977), 52 Ohio St.2d 89, syllabus. Our review of the record indicates that the Smiths contractually relinquished legal custody of Linda to appellee in the March 10, 1995 agreed judgment entry. That entry specifically provided that Linda would remain in appellee's custody until Rhonda Smith is able to: (1) complete her high-school and post-high-school education; (2) obtain self-sustaining employment; and (3) maintain a stable home environment with her husband in which they could adequately care for Linda.
The record indicates that Rhonda Smith has earned her GED. However, there is no evidence in the record that Rhonda Smith has obtained self-sustaining employment or completed any program of post-high-school education as required by the March 10, 1995 agreed judgment entry. Further, it is apparent that the Smiths have engaged in an ongoing pattern of financial irresponsibility which has seriously impaired their ability to adequately care for Linda. The juvenile court applied the "best interests" test and held that an award of custody to the Smiths would not be in Linda's best interest at this time. The dissent argues at length that we are requiring strict compliance with the March 10, 1995 agreed judgment entry. We find no error by the juvenile court in considering the fact that appellants (both the mother and father) have not complied with the March 10, 1995 agreed judgment entry since this was but one portion of the "best interests" calculus. While a juvenile court is not bound by such an agreement, the court is also not prohibited from considering it as it applies to the "best interests" of the child.
Appellants nevertheless argue that they did not contractually relinquish custody of Linda within the meaning of Perales and Goll because the agreed judgment entry did not divest them of all parental rights. We are not persuaded. There is nothing in the syllabus of Perales or the text of Goll which indicates that contractual relinquishment only exists where a parent surrenders "permanent custody" of his or her child within the meaning of R.C. 2151.011(B). The March 10, 1995 agreed judgment entry specifically provided that "[t]he maternal grandmother, Marietta Sue McGlothin, shall be designated the custodian of the minor child, Linda M. Smith." This surrender of custody was certainly a contractual relinquishment within the meaning of Perales and Goll. The Smiths' sole assignment of error is overruled. The judgment of the trial court is hereby affirmed.
YOUNG, P.J., concurs separately.
WALSH, J., dissents.
[1] R.C. 2151.011(B) defines the following types of custody which a juvenile court may award:
 (9) "Legal custody" means a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities. An individual granted legal custody shall exercise the rights and responsibilities personally unless otherwise authorized by any section of the Revised Code or by the court.
 (10) "Residual parental rights, privileges, and responsibilities" means those rights, privileges, and responsibilities remaining with the natural parent after the transfer of legal custody of the child, including, but not necessarily limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support.
 (11) "Permanent custody" means a legal status that vests in a public children services agency or a private child placing agency, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations.
 (12) "Temporary custody" means legal custody of a child who is removed from the child's home, which custody may be terminated at any time at the discretion of the court or, if the legal custody is granted in an agreement for temporary custody, by the person who executed the agreement.
The record indicates that the March 10, 1995 agreed judgment entry reserved certain residual parental rights to appellants. Therefore, we conclude that appellants contractually relinquished legal custody of Linda to appellee.