I agree with the principal opinion that the trial court could not, under R.C. 2151.353, award permanent custody of Tia to her grandparents. I agree that neither R.C. 2151.414 nor 2151.353
vests the juvenile court with the authority to award "permanent custody," as that term is defined in R.C. Chap. 2151, to a private individual.
My disagreement with the principal opinion and with the trial court is that the aforementioned statutes should have no direct bearing on the instant case. My review of the record reveals that appellees, Tia's grandparents, filed a "private" complaint requesting custody of Tia. I find no complaint filed by a children services agency asserting that Tia is an abused, neglected, or dependent child, and I find no evidence that a children services agency participated as a party in this proceeding. Under the circumstances in the instant case, I believe that this private, non-institutional custody controversy between a natural parent and a non-parent hinges upon the question of the natural parents's suitability or fitness.
Juvenile courts have jurisdiction to hear institutional custody cases (complaints filed by children services agencies alleging children to be abused, neglected or dependent children) and to hear "private" custody or non-institutional custody disputes (which generally involve disputes between parents and non-parents or disputes between unmarried parents). In private custody cases between natural parents and non-parents, the primary consideration is the natural parent's fitness or suitability. SeeReynolds v. Goll (1996), 75 Ohio St.3d 121, 661 N.E.2d 1008, citing In re Perales (1977), 52 Ohio St.2d 89, 369 N.E.2d 1047;In re Wilson (Apr. 30, 1999), Miami App. No. 98-CA-19, unreported; R.C. 2151.23 and 3109.04.
In the instant case, I commend the trial court and the parties for their thorough consideration of the issues and the trial court's detailed decision and judgment. Nevertheless, I agree with the principal opinion that the trial court could not, under R.C. 2151.353, award "permanent" custody of Tia to her grandparents. It appears that the principal opinion compounds the error by: (1) referring to Tia as a "neglected" child in the manner contemplated by R.C. 2151.353; (2) indicating that Tia's grandparents may request a termination of appellant's (Tia's natural mother) parental rights under R.C. 2151.415(F); and (3) indicating that once a public children services agency obtains custody of Tia, her grandparents may, with the agency's consent, initiate adoption proceedings.
Thus, I agree that the trial court's judgment must be reversed and the case remanded for further proceedings. I, however, would instruct the trial court on remand to: (1) permit the parties, if they so desire, to submit any additional relevant evidence; and (2) consider all of the evidence submitted to the court during the entire proceeding; and (3) render a judgment based upon the standard enunciated in Goll and Perales.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that Appellant recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment Only with Opinion.
Evans, J.: Concurs in Judgment and Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.