OPINION
Edward E. McCall is appealing from the judgment and decree of divorce from his then wife, Alicia R. McCall, rendered by the Common Pleas Court of Greene County, Ohio. He is raising only the following two issues:
 1. THE TRIAL COURT'S AWARD OF CUSTODY OF THE MINOR CHILD TO THE MOTHER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONSTITUTES AN ABUSE OF DISCRETION.
 2. THE TRIAL COURT ERRED IN ITS CALCULATION OF CHILD SUPPORT.
As to the first issue, the award of custody, we first note that a trial court's custody determination in a domestic relations case that is supported by a substantial amount of competent and credible evidence will not be reversed as being against the weight of the evidence. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus. With regard to review of custody matters, the Ohio Supreme Court has stated the following:
 The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct. (Citations omitted).
Miller v. Miller (1988), 37 Ohio St.3d 71, 74. See also Reynoldsv. Goll (1996), 75 Ohio St.3d 121, 124; Meyer v. Anderson (Apr. 18, 1997), Miami App. No. 96 CA 32, unreported; In the Matter ofChristopher M. Borders (Dec. 30, 1999), Champaign App. No. 99 CA 9, unreported.
The trial court explained its decision to award custody to the mother, Alicia, (for the sake of clarity the parties will be referred to by their first names), as follows:
 1. ALLOCATION OF PARENTAL RIGHTS AND VISITATION — The complexities of the case and the allegations of physical and emotional abuse, imposed upon the litigants by each other, necessitated the need for numerous court-ordered custody-investigation reports, pursuant to R.C. 3109.04(C), Civil Rule 75(D) and Roach v. Roach (1992), 79 Ohio App.3d 194, 203.4, 607 N.E.2d 35. The reports were signed by the investigators, submitted to the Court, and the parties within a timely fashion. Rebecca L. Rubin, investigator for the Greene County Family Relations Services Division, presented testimony at trial and was subject to cross-examination by the parties's respective attorneys concerning the contents of her report. The parties stipulated to the court-ordered Psychological Custody Evaluation prepared by Casey Kelliher, Psy.D. Based upon Ms. Rubin's testimony and Dr. Kelliher's report, the Court finds it is in the best interest of the minor child, Katie, to designate the Mother/Plaintiff as the residential parent, due to the Plaintiff's recent stability and to foster Katie's continuing interaction with her brothers from the Plaintiff's previous marriages.
 Each party has developed has [sic] a good relationship with Katie and the Court wishes to nurture the strong parental ties each parent has established with the child. Therefore, Defendant/Father is AWARDED
Option II visitation pursuant to the Visitation Guidelines, Division of Domestic Relations Court of Common Pleas of Greene County, Ohio. A copy of the Visitation Guidelines is attached and incorporated herein.
Docket 78.
We have reviewed the record, including the lengthy transcript of two days of hearings, and we find that the trial court's determination is indeed supported by a substantial amount of competent, credible evidence. Katie, the child, does seem to have a good relationship with both parents, and there is more than sufficient evidence that Katie has a close and loving relationship with her stepbrothers, as noted by the trial court. Furthermore, Greene County Family Relation Services Division did recommend that Alicia have custody of Katie. There were allegations of unsuitability in the past of instances of neglect to Katie against both parties, but neither we nor the trial court give them much weight.
We can find no reason in the record to question the exercise of the trial court's broad discretion in this case in awarding custody of Katie to her mother.
The first assignment of error is overruled.
In the second assignment of error, Edward questions the calculation of his child support obligation on the grounds that the court attributed the entire cost of the au pair, which is $17,000 per year, to child care expenses in this case "where the au pair also cares for three other children, for whom Defendant obligor is not responsible." Appellant's brief, 9. It seems to be true that the $17,000 cost of the au pair is to cover care of all four children in Katie's household, the other three being children of different fathers. Tr. 69 — 70. The problem, however, with this assignment of error is that it was not raised to the trial court. Edward did file a motion questioning the support order, but only as to when it was supposed to begin. He did not attack in his motion the total amount of the child support.
It is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed. State v.Coleman (1988), 37 Ohio St.3d 286, 294; Merillat v. Fulton Cty.Bd. of Commrs. (1991), 73 Ohio App.3d 459, 463. On more than one occasion we have adhered to this rule. See, e.g., Searcy v. SuperEight Motel (Mar. 2, 1994), Montgomery App. No. 14065, unreported;State v. Schneider (Dec. 13, 1995), Greene App. No. 95-CA-18, unreported.
The second assignment of error is overruled.
The judgment is affirmed.
BROGAN, J. and FAIN, J., concur.