Appellant herein, Ethel Johnson, appeals from the trial court's grant of permanent custody of three of her minor children to the Cuyahoga County Department of Children and Family Services (CCDCFS). CCDCFS maintains that it presented clear and convincing evidence that it was in the best interests of the children, who each have different fathers, to be removed from the custody of the appellant and permanently placed with CCDCFS. After reviewing the record before this court, we conclude that the trial court did not abuse its discretion and affirm the judgment of the court.
In March of 1996, the trial court made a determination that the appellant was neglecting her three children, two boys (d.o.b. 1/15/91 and d.o.b. 6/13/92) and one girl (d.o.b. 3/16/95), and awarded temporary custody to CCDCFS. In the years following the initial court determination, the appellant worked with numerous social workers and was given the opportunity to abide by several case plans in order to effectuate a reunion between her and her three children. Appellant encountered numerous obstacles and setbacks in her attempts to conform her behavior to the dictates of the case plan. Finally, in early 1998, the CCDCFS determined that the appellant was either unable or unwilling to live her life in a manner that would enable her to properly care for her children. Therefore, on March 6, 1998, CCDCFS filed a motion to modify temporary custody to permanent custody. The trial court granted the motion subsequent to an evidentiary hearing held on August 2, 1999. The appellant timely filed the within appeal from the ruling of the trial court. The appellant presents two assignments of error for this court's review which, having a common basis in law and fact, will be addressed concurrently in this opinion. The two assignments of error state:
 I. THE TRIAL COURT'S DECISION TO GRANT PERMANENT CUSTODY OF APPELLANT'S CHILDREN TO CCDCFS WAS NOT BASED ON CLEAR AND CONVINCING EVIDENCE AND THEREFORE CONSTITUTES AN ABUSE OF DISCRETION.
 II. THE DISPOSITIONAL ORDER OF THE TRIAL COURT GRANTING PERMANENT CUSTODY OF APPELLANT'S CHILDREN TO THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES WAS BASED UPON INSUFFICIENT EVIDENCE AS TO THE BEST INTERESTS OF EACH INDIVIDUAL CHILD.
R.C. 2151 governs the award of permanent custody of children who have been adjudicated abused, neglected or dependent. R.C.2151.419 provides in pertinent part:
 (A)(1) Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28 * * * or * * * 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts. * * * In determining whether reasonable efforts were made, the child's health and safety shall be paramount.
R.C. 2151.414 provides in pertinent part:
 (B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (a) The child is not abandoned or orphaned or has not been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 or 2151.415
of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
* * *
 (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
* * *
 (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
* * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child; * * * (Emphasis added.)
It is undisputed that the best interests of the child are to be controlling in determining the disposition of an abused or neglected child. In re Baby Girl Baxter (1985), 17 Ohio St.3d 229,233, 479 N.E.2d 257; In re Higby (1992), 81 Ohio App.3d 466,469, 611 N.E.2d 403. Prior to seeking permanent custody, an agency must make a good faith effort to implement a reunification plan.In re Angel Grant (Mar. 12, 1998), Cuyahoga App. No. 71046, unreported. A good faith effort has been determined to be "an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage." In re Weaver (1992),79 Ohio App.3d 59, 606 N.E.2d 1011. In making a custody determination, a court may not consider the effect that granting permanent custody will have on the parent of the child. R.C. 2151.414(C)
In reviewing a trial court's determination of a disposition, an appellate court is to accord the trial court's discretion the utmost respect. Reynolds v. Goll (1996), 75 Ohio St.3d 121, 124,661 N.E.2d 1008. A reviewing court must take into account that "the knowledge gained through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." Id. Pursuant thereto, the trial court enjoys the presumption that its findings were correct. Id.
"A court exercising Juvenile Court jurisdiction is invested with very broad discretion, and, unless that power is abused, a reviewing court is not warranted in disturbing its judgment." Inre Pieper Children (1993), 85 Ohio App.3d 318, 330,619 N.E.2d 1059. A reviewing court will not overturn an order for permanent custody unless it finds the judge acted in a manner which was arbitrary, unreasonable, or capricious. In re Levetta Gabriel
(Feb. 26, 1998), Cuyahoga App. No. 72374, unreported.
Once clear and convincing evidence is presented at the adjudicatory hearing that the child is a dependent child, an adjudication of dependency may be entered and the judge may proceed to disposition. In re Matthew Vinci (Sept. 3, 1998), Cuyahoga App. No. 73043, unreported. The judge may then grant permanent custody at the dispositional hearing if he determines by clear and convincing evidence, in accordance with R.C. 2151.414(E):
 "that the child cannot be placed with either parent within a reasonable time, or should not be placed with either parent, and if it determines, in accordance with 2151.414(D), that permanent commitment is in the best interest of the child. R.C. 2151.353(A)(4)." In re Vinci, supra.
Clear and convincing evidence is defined as "that measure or degree of proof which is more than a mere `preponderance of the evidence' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts to be established." In re Awkal
(1994), 95 Ohio App.3d 309, 315, 642 N.E.2d 424.
In the instant case, it is clear that the CCDCFS made a good faith effort, though unsuccessful, to assist appellant with her drug problems and her inability to properly provide for her children. The evidence at the hearing clearly established that the appellant made very little effort to comply with the strictures of the case plan designed for the purpose of reinstating custody of the children to the appellant. At the time of the hearing, the appellant had not visited her two sons in over four months, despite the fact that social workers offered to provide transportation to and from the bus stops in Cleveland and Akron. The appellant stated that the $12 round trip bus fare was cost prohibitive and prevented her from visiting her sons. The appellant was unable to explain her failure to phone her sons over this same time period.
The appellant explained away her repeated failure to show up for arranged visits with her daughter, who was living in the area, by stating that her work schedule presented a conflict with the appointments which were made for her. When the appellant did appear for prearranged visits with her daughter, she was consistently 30-45 minutes late for the two hour visits.
Shortly prior to the hearing, the appellant tested positive for marijuana. She maintained at the hearing that the test results were inaccurate. Additionally, the appellant failed to timely report for several other random drug screenings, in violation of her case plan, and failed to regularly attend Narcotics Anonymous and Alcoholic Anonymous meetings.
The testimony of all of the social workers who testified at the hearing was unanimous that the children were thriving in their foster care settings. A strong possibility existed that each of the children would be adopted by their foster care providers. In determining the best interests of each child during the permanent custody hearing, the trial court was required to consider the following five factors listed in R.C. 2151.414(D), in addition to any other relevant factors:
 (1) The interaction and interrelationship of the child J with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard to the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in division (E)(7) to (11) of this section apply in relation to the parents and child.
Only one of these factors needs to be resolved in favor of the award of permanent custody. In re Shaeffer Children (1993),85 Ohio App.3d 683. If the court finds that both R.C. 2151.414(D) and (E) have been satisfied, then it may grant permanent custody of the child to a public children services agency. In re Shanequa H.
(1996), 109 Ohio App.3d 142, 146.
The record before this court clearly establishes that the trial court considered the appropriate statutory factors in reaching its determination. This court cannot conclude as a matter of law that the trial court abused its discretion in determining that the appellant had failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home, as to each of her three children involved in the present case and that it was in the best interest of each individual child that permanent custody be awarded to CCDCFS. R.C. 2151.414(E)(1). Therefore, these assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and JAMES M. PORTER, J., CONCUR.
 __________________________ MICHAEL J. CORRIGAN, JUDGE