Concurring in judgment and opinion with respect to appellant's first assignment of error, and concurring only in the judgment with respect to appellant's second assignment of error:
I concur in the principal opinion on the standing issue. With respect to appellant's second assignment of error, however, I concur only in the judgment reversing the trial court's judgment and remanding the matter for further proceedings.
It is my continued belief that in a juvenile court private custody dispute (i.e., a custody action brought by private parties rather than a children services agency), R.C. Chap. 2151 has no direct application. Rather, in private custody disputes between parents and non-parents, as we have in the case sub judice, I believe that the court's primary consideration must be the natural parent's fitness or suitability. See, e.g., Reynolds v. Goll (1996), 75 Ohio St.3d 121, 661 N.E.2d 1008, citingIn re Perales (1977), 52 Ohio St.2d 89, 369. N.E.2d 1047. See, also, Inre Wilson (Apr. 30, 1999), Miami App. No. 98-CA-19, unreported; R.C.2151.23 and 3109.04.
Again, I believe that the R.C. Chap. 2151 statutory framework concerning abused, neglected and dependent children does not apply to the case sub judice. I realize, however, that the standard used to adjudicate a private custody dispute between parents and non-parents (i.e., thePerales parental unsuitability standard) is very similar to the standard used in institutional permanent custody cases. In fact, a permanent custody award involving an abused, neglected or dependent child, although not requiring an explicit parental unsuitability finding, certainly could be construed to constitute an implicit finding that the parents are indeed unsuitable. See, generally, In re Cunningham (1979),59 Ohio St.2d 100, 391 N.E.2d 1034; In re Gordon (July 25, 1996), Gallia App. No. 96 CA 01, unreported. For a more complete discussion of this concept, see my concurring opinion in In re Shepherd (Sept. 29, 1999), Highland 99CA4, unreported. Accordingly, while I agree with the reversal of the trial court's judgment, I cannot agree that on remand the trial court should conduct a "R.C. 2151.415(F) hearing."