JOURNAL ENTRY AND OPINION
Plaintiff-appellant Cuyahoga County Department of Children and Family Services (county) appeals the trial court's decision concerning its complaint for permanent custody of two young brothers. The court awarded legal custody of one child to his grandparents instead of awarding permanent custody to the county, and left the second child in temporary custody rather than awarding permanent custody to the county. The county timely appealed.
Alonia Wallace (mother) gave birth to the older boy on June 17, 1998. The county immediately requested emergency temporary custody of the infant because he tested positive for cocaine. He was adjudicated neglected on August 5, 1998. He has never lived with his mother. He has been in the care of his maternal grandfather and his wife since he was six months old. They are qualified foster parents who have expressed an interest in adopting him.
On February 29, 2000, mother gave birth to another son, who also was immediately placed in county custody because she tested positive for marijuana at the time of his birth. When the mother admitted to the allegations in the complaint, he was adjudicated neglected and dependant on July 24, 2000. This child has never lived with his mother and is currently also placed with his maternal grandfather along with his older brother.[1]
The county prepared a case plan for mother which included completing a drug treatment plan as well as submitting to regular drug testing, obtaining stable housing, and having regular supervised visitation with the two boys. Mother completed drug treatment after the older child's birth, but failed to complete the same treatment after the second child's birth. She also failed to provide the social worker with evidence of stable housing. Even though the social worker arranged for the mother to visit the boys at the time the mother requested, mother additionally failed to comply with the visitation schedule. Mother testified that she visited the children at times other than those scheduled because her work and AA meeting schedules conflicted with the schedule. She did not attempt to revise the visitation schedule with the social worker, however. The social worker testified that at the two visits he supervised, mother never held the infants and never directed her attention to them. He testified that there was no apparent bond between the mother and the boys, but that there was a good bond between the boys and the custodial grandparents.
While mother was working on her first case plan, she became pregnant with the younger boy. She admitted that she had only two prenatal visits prior to this boy's birth and that she did not inform anyone of her pregnancy. She also admitted to smoking marijuana twice in the month prior to his premature birth, the last time the night before he was born.
Mother testified that she frequently visited the boys at her father's house and that she does have a bond with them. The grandparents were not present at the dispositional hearing and therefore could not testify as to their wishes. The social worker indicated, however, that the grandparents did not want legal custody, but rather wanted permanent custody. There is no motion for legal custody in the record. Appellee did not file a brief in this appeal.
For its first assignment of error, appellant states
 I. THE TRIAL COURT ERRED IN AWARDING LEGAL CUSTODY OF MALIK WALLACE TO HIS MATERNAL GRANDPARENTS WHEN NO MOTION HAD BEEN FILED PRIOR TO THE HEARING REQUESTING LEGAL CUSTODY.
This assignment of error challenges the custody of only the older boy.
Legal custody may be awarded according to the procedure outlined in R.C. 2151.353(A)(3), which states
 [i]f a child is adjudicated an abused, neglected or dependant child, the court may make any of the following orders of disposition:
* * *
 (3) [a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child * * *. (Emphasis added.)
No motion for legal custody was filed prior to the dispositional hearing. In fact, the hearsay testimony of the social worker indicated that the grandparents did not want legal custody of the children. As this court noted in In the Matter of Austin Mayle (July 27, 2000), Cuyahoga App. Nos. 76739 and 77165, unreported, 2000 Ohio App. LEXIS 3379, a court may not make an award of legal custody without a motion for legal custody filed before the dispositional hearing.
The transcript reveals that the court initially intended to continue the older child's temporary custody until it was informed that because the child had been in custody for two years already, his temporary custody could not be extended per R.C. 2151.353(F). At that point, the court stated that the child would be placed in legal custody of his grandparents.
Appellant is correct in stating that the court did not have the statutory authority to place the older child in the legal custody of his grandfather without a prior motion for legal custody. This assignment of error is sustained, and the decision regarding the custody of the older boy is reversed for the trial court to make a disposition in accordance with the statute.
For its second assignment of error, appellant states
 II. THE TRIAL COURT ERRED IN DENYING PERMANENT CUSTODY WHEN PERMANENT CUSTODY WAS SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
The assignment of error challenges the custody of both the older and younger boy. The court applies a two-part test in determining whether to grant permanent custody for a child who is neither abandoned nor orphaned. R.C. 2151.414(B). First, permanent custody must be in the best interest of the child as shown by clear and convincing evidence. The factors for the court to consider in determining the best interest of the child are delineated in R.C. 2151.414(D). Second, the court must find, again by clear and convincing evidence, that the child either cannot or should not be placed with either parent within a reasonable period of time. R.C. 2151.414(B)(1).
The factors for determining what is in the best interest of a child are listed in R.C. 2151.414(D):
 * * * [t]he court shall consider all relevant factors, including, but not limited to, the following:
 (1) The reasonable probability of the child being adopted, whether an adoptive placement would positively benefit the child, and whether a grant of permanent custody would facilitate adoption;
 (2) The interaction and interrelationship of the child with his parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (3) The wishes of the child, as expressed directly by the child or through his guardian ad litem, with due regard to the maturity of the child;
(4) The custodial history of the child;
 (5) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
The criteria for determining whether the child cannot or should not be placed with the parents are listed in R.C. 2151.414(E):
 In determining at a hearing * * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with his parents, the court shall consider all the relevant evidence. If the court determines, by clear and convincing evidence, * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents:
 (1) Following the placement of the child outside his home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly for a period of six months or more to substantially remedy the conditions causing the child to be placed outside his home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. [Emphasis added.]
* * *
 (4) The parent has demonstrated a lack of commitment toward the child by * * * actions showing an unwillingness to provide an adequate permanent home for the child * * *.
Mother admitted that she had failed to complete the second drug treatment program the county enrolled her in and also failed two of the previous ten drug tests she had taken. Although she claimed that she had obtained stable housing, her testimony showed that she had lived in four different places in the previous two years, and she provided no evidence that she had stable housing at the time of the hearing. Mother also failed to maintain contact with the social workers in this case. They did not have an address or any way of contacting her for long periods of time. The county presented the testimony of two social workers, both of whom stated that mother usually did not show up for her scheduled visits with the children, even though the visits were scheduled at times mother specifically requested. Of all the scheduled weekly visits, mother attended only two.
There is clear and convincing evidence that the mother failed to remedy the problems which caused the children to be taken from her despite diligent efforts on the part of the agency to assist her. There is also clear and convincing evidence that mother failed to visit or support the children. Although she testified that she was employed, she never contributed to her children's support; in fact, she testified that she often asked for money from her father, the foster parent of the two boys, in order to support herself. She told the court that when she regained custody of the boys, she would rely on welfare for support.
This court will not overturn the judgment of a trial court absent an abuse of discretion. The juvenile court has broad discretion, and its judgment will not be disturbed absent an abuse of its power. In re Pieper Children (1993), 85 Ohio App.3d 318, 330. Unlike the appellate court, the trial court is able to observe the demeanor and credibility of the witnesses. Reynolds v. Goll (1996), 75 Ohio St.3d 121, 124. Although the evidence could have supported an award of permanent custody for the two boys, this court cannot say that the trial court abused its discretion in maintaining temporary custody of the younger child.
The record does not show an abuse of discretion on the part of the trial court in finding that there was not clear and convincing evidence that the younger boy could not be placed with the mother within a reasonable period of time. The court wanted the mother to attempt to complete her case plan: the court stated that it wanted to wait to see whether mother could maintain her employment, participate in an evening drug treatment program, attend AA once a week, and have weekly supervised visits with the boys at the discretion of the social worker, as well as frequent visitation as can be arranged. Tr. at 110. It was within the trial court's discretion to give the mother more time to comply with her case plan. The children were both to remain in their current placement and no disruption of their lives would occur. There was no evidence that it was not in the best interest of the younger boy to remain in temporary custody pending a review by the court in six months, which review the court had scheduled.[2]
The law required that the older boy, however, have resolution to his custody situation. As noted above, he could not be maintained in temporary custody after two years. The court's placement of him in the legal custody of his grandfather was in error because no motion had been filed requesting legal custody.
This case is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
It is ordered that appellee and appellant shall split the costs herein taxed equally.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________ KARPINSKI, A.J.:
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] Mother has three older children who are in the custody of their father. She does have some contact with these other children. The two children who are the subject of this appeal are not from the father of the first three children, and they each have different fathers, neither of whom has accepted paternity.
[2] Because of the passage of time during the pendency of this appeal, the trial court also will need to address permanent placement of the younger boy, who has now been in county custody for over a year.