OPINION
Appellants, Edward and Rebecca Zimmerman, appeal from the judgment of the Allen County Court of Common Pleas, Juvenile Division, which granted permanent custody of their child, Raymond Zimmerman (dob 2/12/92), to the Allen County Children Services Board ("ACCSB").
On February 17, 1999, ACCSB filed a complaint alleging that Raymond was a dependent child pursuant to R.C. 2151.04. Upon agreement of the parties, the child was adjudicated dependent and placed in the temporary custody of ACCSB on May 3, 1999. Temporary custody was extended for an additional six months on February 11, 2000.
On June 13, 2000, ACCSB moved for permanent custody. The hearing on ACCSB's motion commenced on September 19, 2000 and continued on December 12, 2000. The trial granted ACCSB's motion for permanent custody of the appellants' child. Appellants now appeal the trial court's judgment, raising the following two assignments of error:
 The trial court's finding that appellee proved by clear and convincing evidence that said child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents is against the manifest weight of the evidence.
 The trial court erred in finding that this child needs a legally secure permanent placement, which placement can be achieved only through a grant of permanent custody to the Allen County Children Services Board.
 In their first assignment of error, the parents argue that the trial court's finding that Raymond could not be placed with his parents within a reasonable time or should not be placed with his parents on the grounds that the circumstances in R.C. 2151.414(E)(1), (4) and (14) were present was against the manifest weight of the evidence.
 As indicated above, the trial court grounded its determinationon the following R.C. 2151.414(E) factors:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 ***
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 ***
 (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
The evidence presented at the hearing revealed that in August 1997 appellants' children, Helen and Raymond, were removed from the home. Specifically, the record reflects that Helen had engaged in inappropriate sexual behavior with her brother. Helen was placed at Allen Acres and Raymond was returned under the protective supervision of ACCSB in May 1998. Raymond was removed from the home for the second time in February 1999 and has been in foster care since that time. Raymond exhibits behavioral problems as well as sexual acting out problems and has been diagnosed with dispositional defiant disorder.
Additional evidence presented at the hearing included the testimony of Lee Ann Hesseling, Raymond's caseworker until March 2000. She testified that Raymond was removed in February 1999 because of the deterioration of the home environment, including the mother's mental health issues in coping with Raymond. Despite the parents' participation in parenting classes three times and home based services, they still had to be directed in parenting skills to address Raymond's behavior during visits and were not able to demonstrate what they had learned so as to adequately reduce the level of stress in the home. The caseworker noted that a majority of the visits the parents would become frustrated with Raymond's behavior. Specifically, on one occasion, when Raymond became irritated and began banging his head against the glass door, both parents became frustrated and left the room. Neither parent addressed that head-banging behavior.
Additionally, the trial court heard evidence that in November 1999, Helen, then eighteen, returned home when she left Allen Acres. Although Helen has now been living in an apartment across town, she continues to stay with the appellants on the weekends. Hesseling expressed her concern regarding the parents understanding of the need to protect Raymond from the sexual abuse ever happening again, especially in light of the denial of abuse expressed by the parents.
Lisa Marie Hoskins, Raymond's caseworker for the past six months, stated that Raymond is in the mild mental retardation range. She confirmed that Raymond is currently taking two medications, Adderall and Clonidine, in an effort to modify his behavior. She related that there may be some improvement in Raymond's behavior, but that he still continues to exhibit periods of poor behavior. She opined that given the issues relative to Raymond and his family, appellants cannot provide a safe and stable environment for Raymond. Another witness, Annette Hermon, a therapist at the behavior modification program Raymond attended in the summer of 2000, testified that when she talked with Raymond about going home, he mentioned not feeling that he was protected.
After reviewing the record in this case and weighing the evidence, the trial court's finding that Raymond could not or should not be placed with his parents was not against the manifest weight of the evidence. The evidence that Raymond's parents were unable to cope with his defiant behavior along with their inability to respond appropriately could be found to establish by clear and convincing evidence that appellants failed to substantially remedy the conditions that prompted the removal of Raymond from the home. See R.C. 2151.414(E)(1).
Moreover, it was well within the trial court's discretion to consider the evidence of appellants' ongoing relationship with Helen at the time of the hearing as a factor in making its determination. See R.C.2151.414(E)(4) and (14). Although appellant mother testified at that time to having an understanding for Helen not to be around Raymond, that fact does not compel the trial court to find Raymond would be protected. Accordingly, we overrule appellants' first assignment of error.
In their second assignment of error, appellants assert that the trial court should have placed Raymond into a planned permanent living arrangement (PPLA) with ACCSB rather than granting permanent custody to ACCSB. Specifically, appellants assert that the statutory requirements were met because there was evidence that Raymond suffers from mental or psychological problems and is unable to function in a family-like setting and thus, must remain in residential care.
R.C. 2151.414(B) enables the juvenile court to grant permanent custody, where a child is not orphaned or abandoned, if there is clear and convincing evidence as to both the best interest of the child and that the child cannot be returned to the parents. Whereupon hearing a motion requesting permanent custody of a child a court decides to deny the motion, the court may proceed in accordance with R.C. 2151.415 and make any disposition listed in that statute, including a PPLA. In reCampbell (Oct. 12, 2000), Cuyahoga App. Nos. 77552, 77603, unreported, at *5, citing In re McDaniel (Feb. 11, 1993), Adams App. No. 92 CA 539, unreported. Prior to placing a child in a PPLA, the court must find, by clear and convincing evidence, that it is in the best interest of the child and that "[t]he child, because of physical, mental, or psychological problems or needs, is unable to function in a family-like setting and must remain in residential or institutional care." R.C.2151.415(C)(1). In reviewing a trial court's determination of a disposition, an appellate court should accord the trial court's discretion the utmost respect. Reynolds v. Goll (1996), 75 Ohio St.3d 121,124.
During cross-examination of the various witnesses, appellants' trial counsel attempted to elicit responses concerning a PPLA situation. In his closing remarks at the hearing, appellants' trial counsel then urged the court to consider a PPLA as an alternative to permanent custody. While we agree that Raymond has serious behavioral problems, we cannot conclude that the trial court abused its broad discretion by ordering the grant of permanent custody of the child to ACCSB. In this case, the trial court expressly stated in its judgment entry from which this appeal was taken that reasonable efforts had been made to prevent removal of the child from his home, that reasonable efforts had been made for the child to return home, and that the child was neither abandoned or orphaned. Moreover, the court found that the child cannot be placed with his parents within a reasonable time or should not be placed with his parents and that it was in the child's best interest to grant permanent custody of the child to ACCSB. There was significant evidence presented as to concerns regarding the parenting abilities of both parents as well as Raymond's need to be in a safe environment. The court could properly consider the past failed attempt at reunification with appellants in 1998. The court also heard testimony from both of Raymond's caseworkers who opined that PPLA was not in the best interest of the child because at only nine years old he faces a possibility of being in limbo a long time. Finally, the court heard evidence that Raymond is considered an adoptable child. Accordingly, under the circumstances of this case, the trial court did not err by awarding permanent custody of Raymond to ACCSB, and appellants' second assignment of error is not well taken.
The judgment of the trial court is affirmed.
BRYANT and HADLEY, JJ., concur.