OPINION
Plaintiff Peter Samuel Culichia appeals a judgment of the Court of Common Pleas, Juvenile Division, of Delaware County, Ohio, which sustained the objections of defendant Dorothy Mae Ghent to the report of the magistrate, and named her as the residential parent for the parties' child Samantha, who at the time of the hearing was three years old. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT IT WAS IN THE BEST INTERESTS OF THE CHILD TO DESIGNATE THE APPELLEE AS THE RESIDENTIAL PARENT.
The record indicates on February 23, 1999, the court found appellant to be the natural father of Samantha, and ordered him to pay child support. In October of 1999, appellant filed a complaint asking for visitation rights. The court awarded appellant visitation rights, but in March of 2000, the appellant filed a motion for shared parenting with a proposed shared parenting plan. Ultimately, appellant filed a motion asking the court to designate him as the residential parent.
The matter was heard before a magistrate, and the magistrate filed a decision on June 27, 2000. The magistrate's decision designated appellant as the residential parent of Samantha, and appellee filed objections to the decision.
The trial court overruled some of appellee's objections, but conducted an independent review of the record. The court applied the best interest factors, and sustained appellee's objection regarding the designation of the residential parent. The court found it was in the best interest of the child that appellee be designated the residential parent, and appellant appeals.
The trial court cited R.C. 3109.04 (F)(1), as providing the factors the court must consider in determining the best interest of the child. The statute states in pertinent part:
 (F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 (a) The wishes of the child's parents regarding the child's care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, and community;
 (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of Section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
The trial court stated it had considered that both parents requested custody, and the child had lived with the mother from birth. The court found the mother had provided adequate, appropriate care, and the father has been appropriate with the child, involved, and visiting regularly. The court found the child had good interaction with both parents, and with her siblings. The court found the child was well adjusted in the mother's home, her nursery school, and the community. The court found all persons involved had good mental and physical health, and are likely to honor and facilitate visitation companionship rights proved by the court. The court found there was a history of allowing and facilitating visitation. The court noted child support was not delinquent, and neither parent had a criminal record. The court also found the mother has not continuously and willfully denied visitation by the father, and does not plan to change her residence to outside the state of Ohio.
From the above, the trial court concluded the best interests of the child were met with the mother as the residential parent.
The Supreme Court has applied the abuse of discretion standard in reviewing the propriety of the trial court's determination in a domestic relations case, Booth v. Booth (1989), 44 Ohio State 3d 142. The court specifically applied the standard to the custody proceedings, see Millerv. Miller (1988), 37 Ohio St.3d 71 . The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g., Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
Recently, the Ohio Supreme Court reaffirmed the above in Reynolds v.Goll (1996), 75 Ohio St.3d 121, wherein the court directed us to accord the trial court's discretion the utmost respect, given the nature of the proceeding and the impact the court's determination will have in the lives of all the parties concerned.
Appellant cites us to Cox v. Cox (February 16, 1999), Fayette Appellate No. 98-05-007, unreported. In Cox, the Twelfth District Court of Appeals reviewed a situation like the one at bar, wherein the trial court overruled a magistrate's decision. The Cox court noted that the rationale underlying our deference to the trial court is at least partly because the trial judge is in the best position to view the witnesses and use its observations to weigh the credibility of the testimony. The Cox
court acknowledged this had less application when the trial court has referred the matter to a magistrate, but found the presumption in favor of the trial court still exists, Cox at 3, citations deleted.
The trial court must conduct a de novo review of the record and the magistrate's decision, and may adopt, modify, or reject it.
This court must review the trial court's judgment, to which the Supreme Court has applied the abuse of discretion standard.
We have reviewed the record, and we find the judgment of the trial court is supported by evidence in the record. Accordingly, we find no abuse of discretion.
The assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Delaware County, Ohio, is affirmed. Costs to appellant.
GWIN, P.J., FARMER, J., and BOGGINS, J., concur.