This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Wade Adams, appeals from the judgment in the Wayne County Court of Common Pleas, Juvenile Division, granting legal custody of Katelynn Rochelle Adams ("Katelynn") to Appellees, Robert and Sharon Chewning. We affirm.
Appellant is the biological father of Katelynn and Appellees are the maternal step-grandfather and maternal grandmother of Katelynn. Katelynn was born on October 10, 1999. On September 5, 2000, Appellees moved for legal custody of Katelynn. Thereafter, Appellant moved for custody of Katelynn. On March 21, 2001, the trial court granted Appellee's motion and denied Appellant's motion. Appellant timely appealed raising one assignment of error.
 Assignment of Error THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED ERROR AT LAW IN FAILING TO AWARD PHYSICAL CUSTODY OF THE APPELLANT'S MINOR CHILD TO HIM AND INSTEAD AWARDED IT TO A THIRD PARTY, THE MATERNAL GRANDPARENTS.
In his sole assignment of error, Appellant avers that he is a suitable parent, and thus, the trial court erred in granting custody to a non-parent. We disagree.
In a child custody proceeding between a parent and a non-parent, the trial court must find the parent unsuitable prior to awarding custody to the non-parent. In re Perales (1977), 52 Ohio St.2d 89, syllabus. In making its determination as to the unsuitability of the parent, the trial court must find by a preponderance of the evidence at bar, (1) the parent abandoned the child; (2) the parent contractually relinquished custody of the child; (3) the parent has become totally incapable of supporting or caring for the child; or (4) an award of custody to the parent would be detrimental to the child. Id. The trial court's determination must be supported by a substantial amount of credible and competent evidence.Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418.
The trial court enjoys broad discretion in custody matters and it should be afforded the utmost respect. Reynolds v. Goll (1996),75 Ohio St.3d 121, 124. Moreover, the knowledge the trial court gains through observing the witnesses and the parties in the custody proceeding cannot be conveyed to the reviewing court by the printed record. Id. Consequently, absent an abuse of discretion an appellate court will not reverse a trial court's determination in a child custody matter. Davis,77 Ohio St.3d at 416-17. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the instant case, we find that the trial court found Appellant unsuitable as a parent before awarding custody to Appellees. Additionally, the trial court determined that placing Katelynn with Appellant would be detrimental. Specifically, the testimony presented at the custody hearing illustrating Appellant's unsuitability is as follows: (1) after Katelynn was born, Appellant was incarcerated for three months; (2) Appellant is currently on probation for five years in two counties; (3) Appellant had disorderly conduct charges pending against him; (4) Appellant had not paid any child support since June 2000; (5) Appellant had failed to use a car seat when transporting Katelynn; (6) Appellant had moved four to six times since Katelynn's birth, illustrating his inability to secure a stable living arrangement; and (7) Appellant was unable to maintain lasting employment; particularly, he had worked at approximately ten places since the birth of Katelynn.
Accordingly, upon review of the evidence, the trial court's determination that Appellant was unsuitable was not an abuse of discretion. Furthermore, we find the trial court did not abuse its discretion in finding that a grant of custody to Appellant would be detrimental to Katelynn. Appellant's assignment of error is without merit.
Appellant's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., WHITMORE, J. CONCUR.