OPINION
Natalie Nelson, appellant, appeals from the decision of the Lake County Court of Common Pleas, Juvenile Division, denying her motion for residential placement and legal custody of her half-brother, Justin Pecek, and the designation of Albert Giffin ("Giffin"), the child's natural father, as residential parent and legal custodian.
On January 15, 1990, Justin Pecek was born to Pamela Pecek. On March 29, 1991, Giffin was declared to be the natural father of the child by the Juvenile Court. The child continued to reside with his mother. Giffin was awarded visitation and ordered to pay child support. Pamela Pecek moved frequently over the next several years, although always staying in the same general area. Giffin exercised his visitation rights with Justin sporadically and did not see the child for a period of six years.
Pamela Pecek died on January 26, 2000. At the time, Justin was living with his mother. His half-sister, appellant, provided much of the childcare for her brother before and during the illness of their mother. On February 1, 2000, appellant filed a motion for residential placement and legal custody of Justin. On February 2, 2000, appellant filed a motion to join as a new party defendant in the matter. That same day, Giffin filed a motion to designate himself as residential parent and legal custodian of Justin.
After holding a lengthy hearing on the matter, commencing on April 27, 2000, the trial court issued a judgment entry on October 12, 2000. In the judgment entry, the trial court found that, although some evidence offered at the hearing could be construed as showing Giffin abandoned Justin, the evidence fell short of proving abandonment. The court found the evidence reflected that Pamela Pecek had a difficult time establishing a permanent residence and did not make any real effort to advise Giffin regarding their whereabouts. The court further found there was no evidence Giffin's home was not a suitable environment. The trial court determined that Giffin was suitable and, as such, had the paramount right to custody of Justin.
Appellant assigns the following error for review:
 "Whether the trial court erred to the prejudice of appellant when it denied her motion to be designated the residential parent and legal custodian of her half-brother Justin Pecek."
 In her sole assignment of error, appellant contends she established, by a preponderance of the evidence, that Giffin abandoned Justin and would be unsuitable to be the child's residential parent. Appellant points out that she has been the child's primary caretaker throughout his life and that Justin desires to remain in appellant's care. Appellant points out Giffin did not exercise his visitation for a six-year period although he had the means to discover the child's whereabouts. Appellant asserts Justin would be harmed if his relationship with Jeffrey Lyle, a family friend, was severed as they have established a close relationship during the boy's lifetime. Appellant states Giffin would expose the child to unsuitable people with criminal records and histories of drug abuse.
R.C. 2151.23 gives juvenile courts exclusive jurisdiction to "determine the custody of any child not a ward of another court of this state." The Supreme Court of Ohio held in In re Perales (1977), 52 Ohio St.2d 89, at syllabus:
 "In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child."
 Parents who are deemed suitable are considered to have the paramount right to custody of their minor children. Id. at 97. The right of parents to raise their children, coupled with the concomitant right of children to be raised by their parents, may not be interfered with unless the parents are unfit. Quilloin v. Walcott
(1978), 434 U.S. 246. A trial court must measure the concept of the suitability of a parent in terms of the harmful effect of custody on the child, and not in terms of society's judgment of the parent. In re Perales, supra, at 98.
A trial court's determination of whether a parent is unsuitable is within the court's sound discretion. The trial court listens to the testimony of the parties and witnesses and is in the best position to judge their credibility. The power of the trial court to exercise discretion in child custody determinations is peculiarly important and should be accorded the utmost respect. Therefore, a reviewing court should be guided by the presumption that the trial court's findings were correct. Reynolds v. Goll (1996), 75 Ohio St.3d 121. Absent an abuse of discretion, an appellate court will not reverse a trial court's determination in a child custody matter. Davis v. Flickinger (1997),77 Ohio St.3d 415, 416-417.
In the record before this court, both parties alleged the other abused drugs and was not morally fit to raise Justin. The trial court correctly stated that Pamela Pecek moved numerous times during Justin's lifetime with her and rarely notified Giffin of her current address. The record also shows Giffin made little effort to discover the location of his son. He did continue to support Justin. The nomadic existence of Pamela Pecek made steady contact with Justin difficult for Giffin. The trial court found Giffin did not abandon Justin. That finding is supported by evidence in the record and must be accorded deference by this court. Giffin is married and steadily employed. Evidence shows he could offer Justin a suitable a home.
Appellant argues her relationship with Justin as being virtually a surrogate mother, coupled with the child's desire to stay with her and her three children, should be given weight in the consideration of his custody. However, under Perales, the juvenile court may not award custody of a child to a nonparent unless it first finds that the natural parent is unsuitable. The trial court found Giffin to be a suitable parent for Justin. Therefore, his relationship with his half-sister is not part of the determination. Because there is evidence in the record supporting the trial court's decision, appellant's assignment of error is overruled. The judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.
CHRISTLEY, P.J., NADER, J., concur.