Appellant, Lisa D. Cook, appeals a decision of the Jefferson County Juvenile Court affirming a magistrate's decision awarding appellee, Charles E. Cook, Jr., custody of the parties' minor children.
During the course of the parties' relationship and marriage, they had three children: Brittney, d.o.b. September 27, 1989; Sarah, d.o.b. November 12, 1991; and Breanna, d.o.b. July 12, 1993. The parties divorced in 1997 and appellant took legal custody of the children.
In March 2000, appellee filed a Motion for Reallocation of Parental Rights and Responsibilities. On May 1, 2000, the court granted appellee emergency custody of the parties' children.
The case proceeded to a full evidentiary hearing, before a magistrate, on June 21, 2000. On June 18, 2000, the magistrate awarded custody of all three minor children to appellee. Appellant filed objections to the magistrate's decision and appellee responded.
On November 30, 2000, the court overruled appellant's objections. The court designated appellee residential parent and granted appellant residual parental rights, privileges, and responsibilities, including visitation rights. This appeal followed.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING LEGAL CUSTODY OF APPELLANT'S CHILDREN TO HER FORMER HUSBAND."
R.C. 3109.04 guides a trial court's discretion in a custody modification proceeding. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. A trial court's decision regarding the custody of a child which is supported by competent and credible evidence will not be reversed absent an abuse of discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus; Rohrbaugh v. Rohrbaugh (2000), 136 Ohio App.3d 599, 603. A trial court has broad discretionary powers in child custody proceedings.Reynolds v. Goll (1996), 75 Ohio St.3d 121, 124. This discretion should be accorded the utmost respect by a reviewing court in light of the gravity of the proceedings and the impact that a custody determination has on the parties involved. Trickey v. Trickey (1952), 158 Ohio St. 9,13. An abuse of discretion connotes an attitude on the part of the court that is arbitrary, unreasonable or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3109.04(E)(1)(a) states:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
In accordance with the statute, the court must find that three elements exist in order to modify the existing allocation of parental rights: (1) a change in circumstances; (2) the modification is in the children's best interest; and, (3) either the children have been integrated into appellee's home with appellant's consent or any harm to the children is outweighed by the advantages of the modification. Clark v. Smith (1998),130 Ohio App.3d 648, 653; Martin v. Martin (June 30, 2000), Jefferson App. No. 97-JE-11, unreported, 2000 WL 875392 at *6.
R.C. 3109.04(F)(1) states:
 "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 "(a) The wishes of the child's parents regarding the child's care;
 "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to the child's home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
In this case, the trial court's decision was supported by competent and credible evidence and does not constitute an abuse of discretion.
There was a stipulation that each party desired to be designated the residential parent of the children.
The magistrate did interview the children in chambers. The magistrate found that each possessed sufficient reasoning ability to make and express a wish concerning who they wanted to be their residential parent. However, the magistrate did not indicate what the wishes and concerns might be and appellant has failed to take any action to have a transcript of that proceeding forwarded to this court.
Each party testified that the children had a good interaction and relationship with them and other relatives.
Appellee testified that the children were having problems at school. He indicated that the children's grades had dropped significantly and they repeatedly faced disciplinary measures. Appellant did not dispute this.
Appellee testified that the children experienced reoccurring head lice and ringworm. Appellant did not dispute this either. Appellant did dispute appellee's claims that appellant's live-in boyfriend had beaten the children.
Appellee testified that appellant had interfered with visitation. Appellee indicated that on those occasions when appellant facilitated visitation, the children, at times, were presented in ill-fitting, worn-out, and dirty clothes. Appellant countered stating that appellee had interfered with her visitation since he was awarded emergency custody.
Appellant stipulated that appellee had remained current with his child support payment obligations.
There was no testimony that either party had been previously convicted of a criminal offense involving children.
Although appellant highlights conflicting testimony, the trial court was in the best position to assess the credibility of the witnesses. Having reviewed the record, we are unable to say that the trial court committed any error. The record demonstrates that there was competent and credible evidence to establish the three statutory elements required to modify the existing order. Further, the record also demonstrates that the court considered all factors in determining the best interests of the children. Competent and credible evidence was presented to support the trial court's decision that a change in custody was in the best interest of the children and that the harm of a change of environment was outweighed by the benefits of the change.
Accordingly, appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Waite, J., and DeGenaro, J., concurs.