[Cite as *In re M.O.*, 2011-Ohio-5141.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 10CA37 |
| M. O. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| | | **RELEASED: 09/14/11** |

_____

APPEARANCES:

Joseph H. Brockwell, Marietta, Ohio, for appellant.

James E. Schneider, Washington County Prosecutor, and Susan L. Vessels, Washington County Assistant Prosecutor, Marietta, Ohio, for appellee.
_____

Harsha, P.J.

{¶1}   Mother appeals the decision that removed her daughter from the temporary custody of the Washington County Juvenile Center and granted temporary custody to the Father.  She contends that the court abused its discretion because granting temporary custody to the Father was not in M.O.'s best interests.

{¶2}   The court found M.O., who had been living at Mother's home, delinquent for habitual truancy and sent her to the Juvenile Center.  Later, counselors at the Juvenile Center felt that she was not benefiting from the experience and recommended she leave the Center.  After a hearing, the court agreed, removed M.O. from the Juvenile Center, and granted temporary custody to Father.  Mother argues that the court should have returned custody to her.

{¶3}   When M.O. attended school, children teased her about her body odor, which was attributable to the pervasive smell of cat urine in Mother's home.  This teasing and embarrassment apparently led to the truancy problems.  Mother argues that

she took steps to remedy the cat urine problem at her home by removing cats from the residence, painting, and cleaning. However, a probation officer who visited Mother's home the day before the hearing reported that the odor of cat urine remained "horrendous." Moreover, Father testified that he had a suitable home, did not have a history of Children's Services investigations, and was raising two stepchildren without truancy issues. Thus, the trial court did not abuse its discretion by deciding that it was in M.O.'s best interests to grant Father temporary custody.

## I.  Summary of the Facts

{¶4}    The state alleged that M.O. was a delinquent child for habitual truancy, having been absent from school 62 cumulative days from kindergarten through the eighth grade. Days later, the juvenile court issued an order committing her to the temporary custody of the Washington County Juvenile Center.

{¶5}    After an adjudicatory hearing, the court issued an order finding M.O. delinquent for habitual truancy. The court then ordered M.O. to remain in the temporary custody of the Washington County Juvenile Center and to participate in its rehabilitation programs. However, the state subsequently filed a motion asking the court to reconsider M.O.'s placement at the Washington County Juvenile Center. The state attached the statements of several of M.O's Juvenile Center counselors who felt that M.O. was not benefiting from being at the Juvenile Center and participating in its counseling and rehabilitation programs.

{¶6}    At a hearing on the state's motion, all parties agreed that the court should remove M.O. from the Juvenile Center. The central issue therefore was whether the

court should grant Mother or Father temporary custody. The court made its decision based upon the testimony of Mother, Father, and M.O.'s probation officer.

{¶7}   Mother admitted that her home had an odor issue, which was the result of nine male cats living inside. And she acknowledged that classmates of M.O. were teasing her because of the odor and that M.O. acted "withdrawn." Mother removed about half of the cats from the home in response. However, M.O.'s truancy issues persisted.

{¶8}   After the court placed M.O. in the Juvenile Center, Mother removed the remainder of male cats, but kept a female cat and three dogs. Mother testified that she and M.O.'s younger sister cleaned and painted the house, which she claimed resolved the odor issue.

{¶9}   Father testified that he lived with his new wife and her two children, neither of whom had truancy issues. Children's Services had not investigated his home or stepchildren. And there were no issues of substance abuse or violence in the home. Father testified that he had spent time with M.O. at the Juvenile Center during counseling sessions.

{¶10} The Washington County juvenile probation officer assigned to M.O.'s truancy case testified about the date when she transported M.O. to the Juvenile Center. She and other law enforcement could smell the stench of cat urine from outside the home. The probation officer described the odor on M.O.'s body and clothing as "horrific." They drove M.O. to the Juvenile Center with the windows down.

{¶11} The probation officer also visited Mother's home the day prior to the hearing. Although the home had newly painted walls, she could still smell the odor of

cat urine from outside the home. While inside, the odor was still so intense that she felt a burning sensation in the back of her throat. Ultimately, the probation officer recommended that the court place M.O. with Father.

{¶12} The court issued a written decision granting temporary custody of M.O. to the Father, with visitation for the Mother, who then filed this appeal.

## II. Assignment of Error

{¶13} Mother presents a single assignment of error:

THE JUVENILE COURT ABUSED ITS DISCRETION, AND ITS JUDGMENT WAS AGAINST THE WEIGHT OF THE EVIDENCE, WHEN IT FOUND THAT IT WAS NOT IN THE BEST INTEREST OF THE CHILD TO RETURN HER TO HER MOTHER'S CUSTODY.

## III. The Grant of Temporary Custody to Father

{¶14} Mother argues that the court abused its discretion by placing M.O. in the temporary custody of Father. Mother admits that issues remain at her house concerning an odor of cat urine but argues that she has taken steps to remedy that problem, including painting the house. Mother also contends that her testimony showed that her behavior was not "causing or encouraging" M.O.'s truancy problems.

## A. Standard of Review

{¶15} A trial court has broad discretion in determining custody matters. *Reynolds v. Goll*, 75 Ohio St.3d 121, 124, 1996-Ohio-153, 661 N.E.2d 1008. Consequently, we can sustain a challenge to a trial court's custody decision only upon a finding that the trial court abused its discretion.[1] *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-

---

[1] Mother also included within her statement of the assignment of error a claim that the court's decision was "against the weight of the evidence." However, Mother did not challenge factual findings by the court

260, 674 N.E.2d 1159. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying an abuse of discretion standard, we are not free to substitute our judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181. A deferential review in a child-custody case is appropriate because much may be evident in the parties' demeanor and attitude that does not translate to the record well. *Davis,* supra, at 419.

### B.  Custody Decisions Involving Delinquent Children

**{¶16}**  The trial court found M.O. delinquent for habitual truancy.  R.C. Chapter 2152 addresses children found delinquent and R.C. Chapter 2151 provides the rules for children found abused, neglected, or dependent.  The provisions of these code chapters intersect in custodial matters as R.C. 2152.01(C) provides: "[t]o the extent they do not conflict with this chapter, the provisions of Chapter 2151. of the Revised Code apply to the proceedings under this chapter."

**{¶17}**  R.C. 2152.19 (A)(1), provides that a court may order any disposition authorized under R.C. 2151.353, which provides dispositional alternatives for dependent, abused, or neglected children.  Among those dispositional alternatives, a court may: "[c]ommit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home, or in any other home approved by the court[.]" R.C. 2151.353(A)(2).

---

in her brief's argument section.  Therefore, we apply only the traditional abuse of discretion analysis to this appeal.

{¶18} R.C. Chapter 2151 provides no explicit set of criteria for a court to consider in determining a custody order. However, we have held that "the primary, if not only, consideration in the disposition of all children's cases is the best interests and welfare of the child." *In re Pryor* (1993), 86 Ohio App.3d 327, 332, 620 N.E.2d 973. Therefore, in custody proceedings incident to a delinquency action, the juvenile court must consider the totality of circumstances as they relate to the child's best interests. Id. at 336. The court may consider the explicit factors set forth in R.C. 3109.04(F), the general custody provision, for guidance. Id.

{¶19} Here, the court based its decision granting temporary custody of M.O. to Father on the following: (1) the unsuitability of Mother's home because of the stench of cat urine; (2) a probation officer's testimony that the smell at the home remained "horrendous" the day before the hearing, despite Mother's testimony that she took measures to eliminate the smell by reducing the number of cats at the home, by painting, and by cleaning; (3) M.O.'s persistent truancy problems while living at Mother's home and her depression due to teasing from children at the school about her body odor; and (4) the suitability of Father's home and Father's lack of a criminal record or any negative interaction with Children's Services.

{¶20} We perceive no abuse of discretion in the trial court's decision to grant Father temporary custody of M.O. The court properly concluded that it was not in M.O.'s best interest to place her back in a home with a pervasive stench of cat urine. The record indicates that Mother attempted to remedy the cat urine odor by reducing the number of cats in the home, by cleaning, by painting the walls, and installing new carpeting in M.O.'s room. Regardless, the probation officer's testimony revealed that

the odor remained so severe that it caused a burning sensation in the back of her throat.

**{¶21}** The evidence in the record suggests a correlation between the stench at the home and M.O.'s truancy issues. M.O. experienced teasing at school because of the odor. A school bus driver even refused to allow her to ride the bus. M.O. became withdrawn and depressed while living with Mother. And she would stay alone in her room for long periods.

**{¶22}** Mother argues that her behavior did not "cause or encourage" M.O.'s truancy. However, the record reflects that M.O. experienced truancy problems from kindergarten through the eighth grade, all while in Mother's care. Thus, regardless of the primary factor causing M.O.'s truancy, it is apparent that Mother has long had difficulty in ensuring her daughter's attendance at school.

**{¶23}** We are confident that the court's decision to place M.O. in Father's temporary custody serves her best interests. Father can provide a home environment free of odor related issues. His stepchildren have had no truancy issues. And he has had no negative interactions with Children's Services. Mother's home still has a "horrendous" odor issue and M.O. has been habitually truant from school while under her care. The court thoughtfully considered the totality of circumstances as they relate to M.O.'s best interests before arriving at the conclusion to grant Father temporary custody. This assignment of error is meritless.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
       William H. Harsha, Presiding Judge




## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**