[Cite as *In re A.H.*, 2014-Ohio-5717.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF A.H. AND H.H., MINOR CHILDREN, E.C., | ) ) ) | |
| PLAINTIFF-APPELLEE, | ) ) | |
| V. | ) ) | CASE NOS. 13 JE 21 13 JE 22 |
| MICHELE HECK, | ) ) | OPINION |
| DEFENDANT-APPELLANT, | ) ) | |
| AND | ) ) | |
| EUGENE HECK, | ) ) | |
| DEFENDANT. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas, Juvenile Division of Jefferson County, Ohio
Case Nos. 2007CU00014, 2007CU00015

JUDGMENT: Reversed and Remanded

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

DATED: December 24, 2014

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | Emily Curtiss, Pro-se<br>2504 Crabbe Street, Apr. D<br>Steubenville, Ohio 43952 |
| For Appellee<br>JCDJFS | Attorney Edward Littlejohn<br>16001 S.R. 7<br>Steubenville, Ohio 43952 |
| For Defendant-Appellant | Michele Heck, Pro-se<br>1040 Cadiz Road<br>Lot 17<br>Wintersville, Ohio 43953 |
| For Defendant | Eugene Heck, Pro-se<br>1603 North 1st Street<br>Neodesha, KS 66757 |

DONOFRIO, J.

{¶1} Appellant, M.H., appeals from a Jefferson County Common Pleas Court, Juvenile Division decision denying her motion for legal custody of her two teenage children and ordering that the children remain in the legal custody of their maternal grandmother.

{¶2} This case involves the legal custody of appellant's two children: H.H. (d.o.b. 3/16/99) and A.H. (d.o.b 5/9/00). The children resided with appellant and their father for some time. But in 2007, both parents were incarcerated. Appellant was serving a one-year prison term for sexual battery of a minor and the children's father was serving a sentence for sexual imposition of a minor.

{¶3} On March 26, 2007, with the parents' consent, the trial court granted legal custody of the children to E.C, .the children's maternal grandmother.

{¶4} On February 11, 2013, appellant filed motions for reallocation of parental rights and responsibilities. She requested that the court grant her permanent custody of her children. She noted that she had completed her incarceration and five years of postrelease control. Appellant also stated that she has been very active in the children's lives and that they spend a considerable amount of time with her.

{¶5} The matter proceeded to a hearing before a magistrate. Appellant and E.C. both appeared pro-se. E.C. indicated that she was in agreement with granting legal custody to appellant. (Tr. 3). She stated that she waived her rights to a hearing, counsel, confrontation of witnesses, and compulsory process. (Tr. 3-4). E.C. stated that she believed it was in the children's best interest for the court to transfer custody to appellant. (Tr. 4).

{¶6} The magistrate asked appellant why the children were placed with E.C. in 2007. Appellant told the magistrate that she "had a very bad lapse in judgment" and she ended up incarcerated because she had "a consensual sexual relationship with somebody who was 17-1/2." (Tr. 5). She then stated she completed her one-year prison term and her five years of post-release control. (Tr. 5). Appellant also stated that she had four years left on her ten-year requirement for registering as a

sexual offender. (Tr. 6).

{¶7} Appellant also told the magistrate that since she had been out of prison, the children had spent every weekend with her and she supported them by purchasing their clothing. (Tr. 6). She stated that she now lives with her husband (not the children's father) and the children have their own furnished bedrooms at her house. (Tr. 7).

{¶8} The magistrate recommended, based on appellant's testimony and E.C.'s agreement, that the trial court grant appellant's motion and designate appellant as the children's legal custodian. The magistrate further recommended that the trial court order appellee, the Jefferson County Department of Job and Family Services Children Services Division, to have protective supervision over the children. The magistrate provided a copy of his decision to appellee.

{¶9} Upon receiving the magistrate's decision, appellee filed objections with the trial court. Appellee argued that appellant should not be granted custody of the children due to her history of sexual abuse of her stepson. It stated that it had not been made aware of appellant's motion for reallocation of parental rights and responsibilities and, therefore, did not appear at the hearing on the motion. Appellee noted that it did not have an open case plan at the time because the children were placed in their grandmother's custody when appellant went to prison.

{¶10} Appellee then set out numerous factual allegations. It stated that it had been involved in the investigation dealing with appellant and her stepson. It further provided many details surrounding appellant's affair with her stepson and other allegations of inappropriate sexual behavior alleged to have occurred in appellant's house. Appellee requested that the court deny appellant's motion for custody and maintain E.C. as the children's legal custodian.

{¶11} Appellant then filed objections to appellee's objections. In her objections to the objections, appellant also set out numerous factual allegations to rebut those factual allegations appellee set out.

{¶12} The trial court overruled appellant's objections to the objections. It then

denied appellant's motions for custody. It ordered that the children were to remain in E.C.'s custody. It further ordered appellant was to have supervised visitation with the children and was not to have overnight visits.

{¶13} Appellant filed a timely notice of appeal on August 8, 2013.

{¶14} Because appellee was not a party to the custody proceedings between appellant and E.C., this court put on an order asking appellee to explain why it should be considered a party to this appeal. Appellee responded by stating that it did not file a dependency case when appellant went to prison because the children were placed in E.C.'s custody. It acknowledged that it was not a party to the proceedings on appellant's motion for legal custody. But appellee notes that the magistrate granted the motion and returned the children to appellant *subject to its protective supervision*. Appellee notes that it then filed objections, which the trial court sustained. It maintains that the grant of protective supervision confers to it an interest in the subject matter of the action.

{¶15} Because the magistrate recommended protective supervision to appellee, appellee had standing to raise objections in the trial court and to pursue the matter in this court. Therefore, we will consider its brief on appeal.

{¶16} Appellant, acting pro se, does not set out assignments of error presented for review or a statement of the issues for review as required by App.R. 16(A)(3)(4). But it is clear from her argument that she is asserting the trial court erred in overruling her motion to grant legal custody of her two children to her.

{¶17} Appellant argues that for the last five years, while the children have been in E.C.'s custody, she has been in close contact with her children without any problems. She asserts that her children want to reside with her and their interests should be considered. She further states that E.C. is in agreement with relinquishing custody to her. Appellant asks this court to place the children in her custody. In the alternative, she asks that we reverse that part of the trial court's judgment requiring her to have only supervised visitation with her children.

{¶18} A trial court's decision regarding the custody of a child which is

supported by competent and credible evidence will not be reversed absent an abuse of discretion. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 550 N.E.2d 178 (1990), syllabus; *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599, 603, 737 N.E.2d 551 (7th Dist.2000). A trial court has broad discretionary powers in child custody proceedings. *Reynolds v. Goll*, 75 Ohio St.3d 121, 124, 661 N.E.2d 1008 (1996). This discretion should be accorded the utmost respect by a reviewing court in light of the gravity of the proceedings and the impact that a custody determination has on the parties involved. *Trickey v. Trickey*, 158 Ohio St. 9, 13, 106 N.E.2d 772 (1952).

**{¶19}** In this case, in 2007, appellant and the children's father agreed to grant E.C. legal custody of the children. "Legal custody" is

> a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities.

R.C. 2151.011(B)(21). Legal custody is not the same as the termination of parental rights and, therefore, a parent may regain custody of their child at some later time. *In re A.S.*, 8th Dist. Nos. 100530, 100531, 2014-Ohio-3035, ¶24.

**{¶20}** The problem in this case is that there was never an evidentiary hearing. Because E.C. agreed to appellant's motion, no testimony was taken. And because appellee was not involved in the case at that time, it did not have an opportunity to present evidence. The only "facts" the trial court had before it in rendering its decision were those alleged by appellee in its objections to the magistrate's decision and those alleged by appellant in her objections to the objections. The court never heard any testimony or took any evidence. There is no way to determine if the trial court abused its discretion in denying appellant's motion for reallocation of parental rights and responsibilities.

**{¶21}** Once the magistrate recommended that appellee be granted protective supervision in this case, the court should have held a hearing where both appellant and appellee could have presented witnesses and evidence. Then it could have made a decision based on the evidence instead of on the parties' allegations. Therefore, this matter will be remanded to the trial court so that it can hold an evidentiary hearing on appellant's motion.

**{¶22}** Accordingly, appellant's argument has merit.

**{¶23}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded for the court to hold a hearing where appellant and appellee can present evidence.

Waite, J., concurs.

DeGenaro, P.J., concurs.