[Cite as *Dotson-Brown v. Brown*, 2022-Ohio-1054.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

ROBINETTE DOTSON-BROWN,

Plaintiff-Appellee,

v.

JAMES BROWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0059**

---

Domestic Relations  Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 13 DR 557

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

Robinette Dotson-Brown (NO BRIEF FILED), 6710 Courtney Park Road  #8104, Charlotte, North Carolina 28217 for Plaintiff-Appellee and

James Brown (PRO SE), 323 Reed Avenue, Campbell, Ohio 44405 for Defendant-Appellant.

Dated:
March 29, 2022

**Donofrio, J.**

{¶1}     Defendant-Appellant, James Brown, appeals from a Mahoning County Common Pleas Court Domestic Relations Division decision overruling his motion to reallocate parental rights and responsibilities and overruling his objection to plaintiff-appellee, Robinette Dotson-Brown's, relocation request.

{¶2}     The parties were married on December 18, 2010 and granted a divorce on August 25, 2014.  They share one child who was born in 2012.  Per the terms of the divorce, appellee was named the residential parent and appellant was granted visitation pursuant to the court's standard order of visitation.

{¶3}     On May 28, 2020, appellee filed a notice of intent to relocate to North Carolina with the child.  Subsequently, on July 7, 2020, appellant filed a motion for a reallocation of parental rights and responsibilities to name him the residential parent.  He also filed an objection to appellee's proposed relocation and requested a hearing on the issue.

{¶4}     Appellee and the child moved to North Carolina on August 6, 2020.  That same day, the magistrate filed an order restricting appellee from moving the child to North Carolina until a full hearing could be held.  On August 19, 2020, appellant filed a motion for appellee to show cause why she should not be held in contempt for leaving Ohio with the child.  On August 20, 2020 the magistrate held a full hearing on the issue of the immediate move to North Carolina and dissolved the order restricting the child's move.

{¶5}     The matter proceeded to a hearing before a magistrate on November 17, 2020.  Both parties appeared pro se.  The magistrate determined that a change of circumstances necessary to reallocate parental rights and responsibilities did not exist.  She further determined that even if the requisite change in circumstances did exist, it was in the child's best interest for appellee to remain the residential parent.  The magistrate further determined that appellee could not be held in contempt because on the day she moved to North Carolina, the court had not yet mailed the order restricting the move.  Thus, appellee did not have notice of the court's ruling at the time.  Finally, the magistrate denied appellant's objection to appellee's relocation with the child.

Case No. 21 MA 0059

{¶6}   Appellant filed objections to the magistrate's decision.  The trial court reviewed the transcript.  It found that appellant did not prove the required change in circumstances necessary for a reallocation of parental rights and responsibilities.  The court noted that much of the evidence appellant relied on pre-dated the parties' divorce.  It also found that relocation alone was not a sufficient change in circumstances, although it was to be considered.  The court further concluded that both parties have a good relationship with the child and are actively involved with her education and homework.  It noted that appellee has routinely offered appellant additional parenting time.  It also found significant that appellant has a teenage son from another relationship with whom he has no contact.  Yet appellee has reached out to appellant's son and his mother so that the child can have a relationship with her half-brother.  The court found that even if a change in circumstances had occurred, it was not in the child's best interest to reallocate parental rights and responsibilities.  Thus, the court overruled appellant's objections to the magistrate's decision on his motion for the reallocation of parental rights and responsibilities.  It denied appellant's motion for reallocation of parental rights and responsibilities and granted him parenting time in accordance with the court's long-distance visitation schedule.  Likewise, the trial court overruled appellant's objection to the magistrate's finding that appellee was not in contempt of the court's order.  And the court denied appellant's objection to appellee's relocation with the child.

{¶7}   Appellant filed a timely notice of appeal on June 21, 2021.  Appellant, still proceeding pro se, now raises two assignments of error.

{¶8}   Appellant's first assignment of error states:

THE TRIAL COURT ABUSED THEIR [its] DISCRETION IN ITS DETERMINATION OF TERMINATION OF MARRIAGE DATE.

{¶9}   Appellant argues the trial court erred in determining the end date of the marriage.  He then goes on to argue that appellee made false claims of domestic violence against him before the divorce during which he alleges the parties were no longer living together.  Appellant asserts appellee made these claims in an attempt to alienate their child beginning in 2013.

Case No. 21 MA 0059

**{¶10}** R.C. 3109.04 guides a trial court's discretion in a custody modification proceeding. *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). A trial court's decision regarding the custody of a child which is supported by competent and credible evidence will not be reversed absent an abuse of discretion. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 550 N.E.2d 178 (1990), syllabus; *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599, 603, 737 N.E.2d 551 (7th Dist. 2000). A trial court has broad discretionary powers in child custody proceedings. *Reynolds v. Goll*, 75 Ohio St.3d 121, 124, 661 N.E.2d 1008 (1996). This discretion should be afforded the utmost respect by a reviewing court in light of the gravity of the proceedings and the impact that a custody determination has on the parties involved. *Trickey v. Trickey*, 158 Ohio St. 9, 13, 106 N.E.2d 772 (1952).

**{¶11}** The trial court held the final divorce hearing and issued the divorce decree on August 25, 2014. It did not state the end date of the marriage. The end date of a marriage is generally at issue when setting a date for the division of marital property. "[A] marriage ends either on 'the date of the final hearing in an action for divorce or in an action for legal separation' or any other date that the trial court 'considers equitable in determining marital property.'" *Faller v. Faller*, 7th Dist. Mahoning No. 07 MA 216, 2008-Ohio-6638, ¶ 17, quoting R.C. 3105.171(A)(2). Because the trial court did not determine a different date as the end date of the marriage, the parties' marriage ended on the date of the final divorce hearing, which was August 25, 2014.

**{¶12}** In its judgment entry denying appellant's motion for reallocation of parental rights and responsibilities, the trial court again noted that the parties divorced on August 25, 2014.

**{¶13}** In the present case, the trial court had before it appellant's motion to reallocate parental rights and responsibilities, appellant's objection to appellee's notice of intent to relocate to North Carolina, and appellant's motion to find appellee in contempt. The only ruling appellant takes issue with on appeal is the denial of his motion to reallocate parental rights and responsibilities. When ruling on a motion to reallocate parental rights and responsibilities, the court is only to consider facts that have arisen since the divorce or that were unknown to the court at the time of the divorce. R.C. 3109.04(E)(1)(a). Thus, the trial court was not to consider any facts that occurred prior to August 25, 2014, unless they were unknown to the court at the time of the divorce.

Case No. 21 MA 0059

{¶14}     Regarding the domestic violence allegations that appellant refers to, the trial court specifically found:

> The court finds no evidence of alienation.  The domestic violence protection order proceeding in 2013 predated the divorce.  If James [appellant] was so concerned with it, he could have pursued custody at the time of the divorce. Instead, their divorce resulted in an agreement whereby James agreed for Robinette [appellee] to be designated residential parent and legal custodian.  Therefore, this is not a credible factor.

{¶15}     As the court found, evidence of the domestic violence allegations preceded the divorce and the trial court did not find this evidence relevant to proving a change in circumstances.  Nothing in the record indicates that the trial court abused its discretion in this determination.  Moreover, if appellant contested the end date of the marriage, this was an issue he should have appealed from the divorce decree.

{¶16}     Accordingly, appellant's first assignment of error is without merit and is overruled.

{¶17}     Appellant's second assignment of error states:

> THE TRIAL COURT ABUSED THEIR [its] DISCRETION WITH RULING THAT NO CHANGE IN CIRCUMSTANCES OCCURRED AFTER APPLYING INEQUITABLE DETERMINATION DATE OF MARRIAGE.

{¶18}   Here appellant appears to argue that a change in circumstances existed to warrant a custody modification.  But then he again asserts the trial court erred in setting the end date of the marriage and that the domestic violence claims against him were unfounded.   Appellant also makes an argument that appellee does not foster the relationship between him and their child.

{¶19}  R.C. 3109.04(E)(1)(a) provides:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances

of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

* * *

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

**{¶20}** Pursuant to the statute, in order for a court to reallocate parental rights and responsibilities and change the residential parent, the court is required to find (1) that a change in circumstances has occurred since the prior custody order; (2) that the change in custody is in the child's best interests; and (3) that the benefits of the change in custody outweigh the harm caused by the change. *Vella v. Vella*, 7th Dist. Jefferson No. 10-JE-7, 2011-Ohio-1182, ¶ 23.

**{¶21}** In this case, the trial court found appellant did not prove the requisite change in circumstances. It noted that appellant relied in great deal on allegations that appellee attempted to alienate the child from him by bringing domestic violence charges against him in 2013. But the court noted that these allegations predated the divorce. It further pointed out that appellant also relied on appellee's relocation to North Carolina. But the trial court noted that this court has held that while relocation of a parent is a factor to consider, relocation alone will not constitute the change of circumstances necessary for a reallocation of parental rights and responsibilities. Citing, *Matter of N.W.F.*, 7th Dist. Jefferson No. 18 JE 0030, 2019-Ohio-3956, 147 N.E.3d 86, ¶ 31.

**{¶22}** As noted above, if appellant had an issue with the end date of the marriage, he could have filed an appeal from the divorce decree to contest that issue. Likewise, the domestic violence allegations that occurred in 2013 are irrelevant in this matter in which the court was only to consider facts that have occurred since the divorce or that were unknown at the time of the divorce. Nothing in the record indicates that the

trial court abused its discretion in finding, based on facts that have occurred since the divorce,that no change in circumstances occurred.

{¶23} Moreover, while appellant does not make a best interest argument, we note that the trial court went on to find that even if appellant had proved a change in circumstances, it was not in the child's best interest to modify custody. The court cited to and relied on the R.C. 3109.04(F)(1) best interest factors in making this determination.

{¶24} In determining a child's best interest either on an original decree allocating parental rights and responsibilities or on a modification of such a decree, the court shall consider all relevant factors, including, but not limited to:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has [ever been convicted of certain offenses or had a child adjudicated abused or neglected];

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

R.C. 3109.04(F)(1).

**{¶25}** In this case the trial court found the following.

**{¶26}** As to the parents' wishes, the court found that appellee relocated to North Carolina for a counseling job.

**{¶27}** As to the child's wishes and concerns, the court did interview the child. But it noted that she is eight years old and did not have sufficient reasoning ability to express her wishes and concerns to the court.

**{¶28}** As to the child's interaction and relationships with family, the court found that the child has a very good relationship with both parents. It also found that appellant has a son from a previous relationship with whom he does not communicate. But the court found it significant that appellee reached out to appellant's son's mother and arranged for the child and her half-brother to meet.

**{¶29}** As to the child's adjustment to home, school, and community, the court found that both parties take an active interest in the child's academics and help her with school work and that the child is doing well at her school in North Carolina.

**{¶30}** As to everyone's health, the court found that neither party presented evidence of any mental or physical health issues. The court did note the child suffers from asthma.

**{¶31}** As to the parent more likely to facilitate visitation, the court found that both parties follow the court's parenting time orders.

**{¶32}** As to child support, the court found that appellant is not current on his child support but no evidence was presented as to the amount of his arrearage.

**{¶33}** As to criminal offenses or a child being abused or neglected, the court found this factor did not apply.

**{¶34}** As to whether the residential parent has denied the other parent parenting time, the court noted appellant testified that in 2015, after the child was involved in a car accident, appellee denied him parenting time. But the court noted appellee testified that it was against her doctor's orders for the child to travel and she made up the missed visit with appellant.

**{¶35}** Finally, as to a parent establishing a residence out of state, the court noted this was probably the biggest issue in this case. It noted that appellee had moved to North Carolina with the child and this affected appellant's parenting time. But the court stated it was to consider the child's best interest, not what is best for either parent.

**{¶36}** The above analysis by the trial court demonstrates a thorough, well-reasoned basis for its decision that it is in the child's best interest for appellee to remain her residential parent. There is no evidence to suggest that the trial court abused its discretion in making this finding.

**{¶37}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶38}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb J., concurs.
D'Apolito, J., concurs.

Case No. 21 MA 0059

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**